[Cite as *State v. Harding*, 2012-Ohio-4444.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

STATE OF OHIO      :

          :   Appellate Case No. 2012-CA-18

  Plaintiff-Appellee   :

          :   Trial Court Case No. 11-CRB-1492

v.          :

          :

JAMARKOS T. HARDING   :   (Criminal Appeal from

aka JUMARKOS T. HARDING  :    Xenia Municipal Court)

          :

  Defendant-Appellant   :

        . . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of September, 2012.

. . . . . . . . . . .

RONALD C. LEWIS, Atty. Reg. #0061980, Xenia Municipal Prosecutor's Office, 101 North Detroit Street, Xenia, Ohio 45385
   Attorney for Plaintiff-Appellee

BAHJAT M. ABDALLAH, Atty. Reg. #0078504, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
   Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Jamarkos T. Harding appeals from his conviction and sentence following a

no-contest plea to one count of unlawful sexual conduct with a minor in violation of R.C.

2907.04.

{¶ 2}    In his sole assignment of error, Harding contends the trial court erred in designating him a Tier I sex offender and imposing the corresponding statutory obligations.

{¶ 3}    Harding was charged with having sex with a fourteen-year-old girl. The complaint alleged that he was at least eighteen years old but less than four years older than the girl. As a result, the charge was a first-degree misdemeanor.

{¶ 4}    The trial court held a plea hearing on October 3, 2011. During the hearing, it advised Harding, among other things, that if he were found guilty, it would schedule a hearing to determine whether the sexual activity was consensual. The trial court explained that if it found a lack of consent, Harding would be classified as a Tier I sex offender. Harding indicated that he understood and pled no contest. The trial court found him guilty and scheduled a hearing for November 8, 2011. The trial court found the hearing necessary based on R.C. 2950.01(E)(1)(b), which provides that a Tier I sex offender includes a person "who is convicted of * * * a violation of section 2907.04 of the Revised Code when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, *the other person did not consent to the sexual conduct*, and the offender previously has not been convicted of or pleaded guilty to a violation of section * * * 2907.04 of the Revised Code." (Emphasis added).

{¶ 5}    On November 7, 2011, Harding moved to be sentenced without a hearing. He argued that he could not be required to register as a sex offender because (1) a lack of consent was not an element of the offense to which he pled no contest and (2) a lack of consent was required to be found by a jury beyond a reasonable doubt. Relying on *State v. Williams*, 129

Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, Harding noted that sex-offender registration under the Adam Walsh Act is punitive. Therefore, he argued that a jury, rather than the trial court, was required to find any fact (such as a lack of consent) that increased his punishment beyond what was authorized by his plea.

{¶ 6}    The trial court rejected Harding's argument. It reasoned that R.C. 2950.01 implicitly required a hearing on the consent issue. It further concluded that the applicable burden of proof was "clear and convincing evidence." Finally, it disagreed with Harding's contention that a jury must make a factual finding on the consent issue. (Doc. #40).

{¶ 7}    The trial court held the scheduled hearing on January 18, 2012. Based on the testimony presented, the trial court found that the sexual conduct between Harding and the fourteen-year-old girl was "not consensual." (Doc. #49). The trial court sentenced Harding to a partially suspended jail term, imposed a fine, and placed him on community control. It also designated him a Tier I sex offender. The trial court stayed execution of the sentence pending the outcome of this appeal.

{¶ 8}    The issue raised in Harding's assignment of error is whether a jury, rather than the trial court, was required to find that the sexual conduct at issue was non-consensual. The trial court's factual finding increased Harding's punishment beyond what was authorized by his no-contest plea and admissions during the plea hearing. We conclude that when a jury demand has been filed and the demand has not been withdrawn or waived, and the defendant has not admitted the additional finding as part of the plea, a jury is required to make the factual finding.

{¶ 9}    "As a result of *State v. Williams* * * *, the registration, notification and

verification requirements for persons classified as sexual offenders under the Adam Walsh Act are not regarded as remedial; they are punitive. If those requirements are now punitive under R.C. Chapter 2950, then they are part of the penalty for the offense." (Citations omitted.) *State v. Bush*, 2d Dist. Greene No. 10CA82, 2011-Ohio-5954, ¶ 20 (Fain, J., concurring.) " 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " *Blakely v. Washington*, 542 U.S. 296, 301, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (Emphasis sic.) *Id.* at 303. "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." (Emphasis sic.) *Id.*

{¶ 10} In the present case, the trial court could not have imposed the punitive requirements of R.C. Chapter 2950 based on the facts admitted by Harding's no-contest plea. The charge against Harding did not require a lack of consent, the criminal complaint did not allege a lack of consent, and he did not admit that the sexual conduct was non-consensual. Because an additional factual finding was required for Harding to be designated a Tier I sex offender under R.C. Chapter 2950, he had a Sixth Amendment right to have a jury make the finding.[1] *Ring v. Arizona*, 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) ("If a

---

[1] In *Southern Union Co. v. United States*, ___ U.S. ___, 132 S.Ct. 2344 (2012), the U.S. Supreme Court recently found that "*Apprendi's* 'core concern' * * * to reserve to the jury 'the determination of facts that warrant punishment for a specific statutory offense' * * * applies whether the sentence is a criminal fine or imprisonment or death." *Id.* at 2350. The majority reasoned that "[c]riminal fines, like these

State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt.").

**{¶ 11}** In opposition to the foregoing conclusion, the trial court cited three cases: *State v. Battistelli*, 9th Dist. Lorain No. 09CA009536, 2009-Ohio-4796; *State v. Meade*, 12th Dist. Brown No. CA2009-07-024, 2010-Ohio-2435; and *State v. Metzger*, 11th Dist. Portage No. 2010-P-0077, 2011-Ohio-3749. In each of these cases, the appellate courts endorsed judicial fact finding to determine whether the sexual conduct at issue was consensual for purposes of designating the defendant a Tier I sex offender. The first two cases are distinguishable, however, because they predate *Williams*, supra, in which the Ohio Supreme Court held that the requirements imposed under the Adam Walsh Act are punitive. The third case, decided just two weeks after *Williams*, was likely in the final stages before release when *Williams* was decided. *Metzger* is unpersuasive because it does not consider the impact of *Williams* and it relies on the two previous cases which predate *Williams*.

**{¶ 12}** In opposition to our conclusion above, the State argues that the Adam Walsh Act version of R.C. Chapter 2950 is punitive only when applied to defendants who committed their crimes before its effective date. We disagree. The current version of R.C. Chapter 2950 is punitive, and, therefore, cannot be applied retroactively. *Williams* at ¶ 16, 21. The legislation is also punitive when applied prospectively. *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446,

---

other forms of punishment, are penalties inflicted by the sovereign for the commission of offenses." The same rationale applies to the requirements of R.C. Chapter 2950. The obligations imposed on sex offenders under the current version of R.C. Chapter 2950, like other forms of punishment, are penalties inflicted by the State for the commission of a sex offense.

967 N.E.2d 729, ¶ 11. The punitive nature of the Adam Walsh Act version of R.C. Chapter 2950 is based on its content, not whether it is being applied retroactively or prospectively.

**{¶ 13}** The State also argues that Harding was not sentenced beyond the statutory maximum. Again, we disagree. As set forth above, the "statutory maximum" for present purposes means the maximum sentence that could be imposed without additional findings. Here, an additional finding, a lack of consent, was required before the trial court could impose the punitive requirements of R.C. Chapter 2950. Therefore, Harding's sentence exceeded the statutory maximum. *Blakely*, 542 U.S. 296.

**{¶ 14}** The State next asserts that a lack of consent is not an element of unlawful sexual conduct with a minor in violation of R.C. 2907.04. While we do not disagree, the Sixth Amendment's jury-trial "guarantee turns upon the penal consequences attached to [a] fact, and not to its formal definition as an element of the crime." *Oregon v. Ice*, 555 U.S. 160, 173, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009); *see also Southern Union Co.* at 2356 (rejecting an argument that "in determining the maximum punishment for an offense, there is a constitutionally significant difference between a fact that is an 'element' of the offense and one that is a 'sentencing factor'").

**{¶ 15}** Finally, the State contends that the trial court informed Harding of its intent to hold a hearing on the consent issue, that Harding was represented by counsel, and that he "acknowledged and agreed to the hearing." We do not dispute the first two points. During the plea hearing, the trial court did advise Harding that, if he were found guilty, it would hold a hearing to determine whether the sexual conduct was consensual. Harding also was represented by counsel during the hearing. Whether Harding "agreed" to have the trial court

hold a hearing on the consent issue is less clear. He undoubtedly entered his no-contest plea with knowledge that the trial court would hold such a hearing. It is not clear to us, however, that by doing so, he necessarily agreed with or consented to the procedure.

{¶ 16} The State's brief suggests a waiver argument, which we find to be unpersuasive. Prior to the plea hearing, Harding filed a written jury demand. (Doc. #10). During the hearing, he orally withdrew the demand. (Plea hearing transcript at 3). Even if we assume, arguendo, that this withdrawal applied not just to Harding's right to a jury trial on the issue of guilt but also to his right to have a jury make a factual finding on the issue of consent, it was ineffective. A waiver of the right to a jury trial must be written, signed by the defendant, and filed in the record. *State v. Grier*, 2d Dist. Montgomery No. 23662, 2010-Ohio-5751, ¶ 14-15. An oral waiver is not sufficient. *Id.* at ¶ 16.

{¶ 17} In the present case, the trial court stated during the plea hearing that Harding had executed a written withdrawal of his jury demand. (Plea hearing transcript at 3). The trial court also stated that it would file the document and make it part of the record. (*Id.*). The record before us, however, contains no written withdrawal of the jury demand. Therefore, the record before us does not adequately demonstrate that Harding waived his Sixth Amendment right to have a jury make the additional finding.

{¶ 18} Based on the reasoning set forth above, Harding's assignment of error is sustained. The trial court's judgment is reversed, and the cause is remanded for the trial court to vacate his designation as a Tier I sex offender, and for further proceedings consistent with the opinion.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Ronald C. Lewis
Bahjat M. Abdallah
Hon. Michael K. Murry