[Cite as *State v. Moore*, 2014-Ohio-1123.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-9 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-63 |
| v. | : | |
| | : | |
| ZACHARY D. MOORE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of March, 2014.

. . . . . . . . . . .

R. KELLY ORMSBY, III, Atty. Reg. #0020615, and DEBORAH S. QUIGLEY, Atty. Reg. #0055455, Darke County Prosecutor's Office, Courthouse, 504 South Broadway, Greenville, Ohio 45331

     Attorneys for Plaintiff-Appellee

RUSSELL S. BENSING, Atty. Reg. #0010602, 1370 Ontario Street, 1350 Standard Building, Cleveland, Ohio 44113
and
BRADLEY P. KOFFEL, Atty. Reg. #0062184, The Koffel Law Firm, 1801 Wagermark Drive, Suite 350, Columbus, Ohio 43215

     Attorneys for Defendants-Appellants

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Zachary Moore appeals from his classification as a Tier II sex offender.[1]  He contends that the trial court erred in classifying him without a hearing, and without factual findings by a jury beyond those admitted by him.

{¶ 2}    We agree with Moore that because he was classified under R.C. 2950.01(F)(1)(b), factual findings beyond the statutory elements of the offense of which he was convicted – Unlawful Sexual Conduct with a Minor – were required for the Tier II sex offender classification.   Furthermore, those findings were constitutionally required to be made by a jury unless Moore either admitted them, or waived his right to a jury with respect to those findings.

{¶ 3}    Ordinarily, Moore might be deemed to have admitted the findings necessary for the Tier II classification by reason of his written plea of no contest, which seems to have been the trial court's reasoning for overruling his motion objecting to his classification.   But during the plea hearing colloquy, the trial court expressly advised Moore that his no-contest plea would preserve for appellate review his challenge to the sexual offender classification, including the issue he is, in fact, raising on appeal.   Under these circumstances, Moore's plea was other than knowing and intelligent, consequently, the trial court erred by accepting it.   Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

---

[1]  Moore's notice of appeal is from the judgment "and all other entries appurtenant thereto," but in the conclusion of his brief he specifies that the relief he seeks is the vacation of his classification as a sexual offender, and the remand of this cause for further proceedings.

## I. The Course of Proceedings

{¶ 4}  Moore, having waived indictment, was charged by bill of information with two counts of Sexual Imposition with a Minor.  Each count alleged that Moore "being eighteen years of age or older, shall [sic] engage in sexual conduct with another, who is no [sic] the spouse of the offender when the offender knows the other person is thirteen years of age or older but less than sixteen years of age or the offender is reckless in that regard."  Each count identified R.C. 2907.04(A) as the statute specifying the offense, and "F4" as the degree of felony.  Count I specified October 21, 2010, as the date of the offense; Count II specified October 17, 2010.  Apparently, the two offenses were committed against the same victim, but the name of the victim or victims was not stated in the bill of information.

{¶ 5}  Moore filed a "Preliminary Objection to Imposition of Sexual Offender Registration Requirement," in which he contended that: (1) a sexual offender classification under the Ohio Adam Walsh Act would be disproportionate to his offense, thereby violating the Cruel and Unusual Punishment clause of the Eighth Amendment to the United States Constitution; (2) a sexual offender classification without a hearing would violate his right to due process of law; and (3) a sexual offender classification based on findings by a judge would violate his right to a jury trial.

{¶ 6}  On the same day that he filed his Preliminary Objection, but apparently after he had done so, Moore tendered a no-contest plea at a plea hearing.  His no-contest plea was accepted.  Two days later, the trial court entered a judgment of conviction, but deferred sentencing.  Moore's sexual offender classification was not addressed in the judgment entry of

conviction.

**{¶ 7}** About a month later, Moore filed an "Objection to Imposition of Sexual Offender Registration Requirement." In it, he abandoned his Eighth Amendment challenge, but renewed his due process and right to a jury trial arguments, with expanded legal argument. The State responded, and Moore replied.

**{¶ 8}** On July 12, 2013, the trial court entered judgments sentencing Moore, classifying him as a Tier II sex offender, and overruling Moore's objections to classification. In rejecting Moore's jury-trial argument, the trial court noted that a jury trial may be required when a sexual offender classification depends upon fact determinations, citing *State v. Harding*, 2d Dist. Greene No. 2012-CA-18, 2012-Ohio-4444. But the trial court concluded:

> However, in this case, the Court is not adjudicating disputed facts when imposing a Tier II sex offender classification. Instead, the Court is imposing legislatively mandated penalties for criminal conduct which has not been contested by the Defendant via his plea. No disputed facts are being adjudicated by the Court. The Defendant's motion is overruled on this issue.

**{¶ 9}** From his Tier II sex offender classification, Moore appeals.[2] His assignments of error are as follows:

> THE TRIAL COURT ERRED IN IMPOSING UPON DEFENDANT A SEXUAL OFFENDER CLASSIFICATION WITHOUT A HEARING, IN VIOLATION OF DEFENDANT'S RIGHT TO DUE PROCESS OF LAW, AS

---

[2] See footnote 1.

PROTECTED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

THE TRIAL COURT ERRED IN IMPOSING UPON DEFENDANT A SEXUAL OFFENDER CLASSIFICATION BY MAKING ADDITIONAL FACTUAL FINDINGS BEYOND THOSE FOUND BY A JURY OR ADMITTED BY THE DEFENDANT, IN VIOLATION OF DEFENDANT'S RIGHT TO TRIAL BY JURY, AS PROTECTED BY THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**II.   Where, as Here, a Trial Court Accepts a No-Contest Plea while Advising the Defendant that his Plea Will Preserve for Appellate Review the Defendant's Claim that He May Not Be Classified as a Sexual Offender without a Jury Making the Necessary Factual Findings, the Trial Court Errs by Making the Sexual Offender Classification without the Necessary Jury Findings**

**{¶ 10}**   Moore was charged by bill of information with two counts of Unlawful Sexual Conduct with a Minor, in violation of R.C. 2907.04(A):

No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

**{¶ 11}**   The bill of information charged the offenses in the words of the statute, adding only the appellation "F4" under "Class" as to each offense.   Under R.C. 2907.04(B)(1), a

violation of the section is a fourth-degree felony unless division (B)(2), (3), or (4) applies. R.C. 2907.04(B)(2) reduces the degree of the offense to a first-degree misdemeanor if the offender is less than four years older than the victim. R.C. 2907.02(B)(3) increases the degree of the offense to a third-degree felony if the offender is ten or more years older than the victim. R.C. 2907.02(B)(4) increases the degree of the offense to a second-degree felony if the offender has previously been convicted of, or pleaded guilty to, a violation of R.C. 2907.02, 2907.03, or 2907.04.

{¶ 12} R.C. 2950.01(F)(1)(b) provides that a person violating R.C. 2907.04 is a Tier II sex offender/child victim offender:

> * * * when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct, or when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct and the offender previously has been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or former section 2907.12 of the Revised Code.

{¶ 13} Similarly, R.C. 2950.01(E)(1)(b) provides that a person violating R.C. 2907.04 is a Tier I sex offender/child-victim offender:

> * * * when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, the other person did not consent to the sexual conduct, and the offender previously has not been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code.

{¶ 14}   In the case before us, the State has never alleged that Moore has had any relevant prior convictions.   Therefore, reading the two quoted sub-divisions of R.C. 2950.01 together, Moore would properly be classified as a Tier II sex offender/child-victim offender if he was at least four years older than his victim; he would properly be classified as a Tier I sex offender/child-victim offender if he was less than four years older than his victim, and the sexual conduct was not consensual; and he would not be properly classified as a sex offender at all if he was less than four years older than his victim and the sexual conduct was consensual.

{¶ 15}   Thus, Moore's proper sex offender classification, if any, is determined by two facts: the relative ages of himself and his victim; and whether the sexual conduct was consensual.   Because sex offender registration, reporting, and notification requirements under Ohio's Adam Walsh Act are punitive, not merely remedial, a sexual offender classification depending upon facts can only be ordered following an appropriate jury finding unless those facts are undisputed, or the defendant has waived a jury trial with regard to those findings.   *State v. Harding, supra,* ¶ 10.

{¶ 16}   The State argues, and the trial court seems to have agreed, that the facts necessary for Moore's Tier II classification became undisputed, and therefore not required to be found by a jury, or otherwise, by virtue of the written plea of no contest that Moore tendered.   In that plea, the offenses to which Moore was tendering his plea were identified as fourth-degree felonies (and hence inconsistent with Moore's being less than four years older than his victim), and as R.C. 2950.01(F)(1)(b) Tier II sex offenses.   This argument might have force but for the peculiar circumstances of Moore's plea.   He had already objected to being classified as a sex offender, raising, among other arguments, that his classification would require factual findings that could

only be made by a jury.

{¶ 17}   The trial court was well aware of Moore's position regarding the sexual offender classification.   During the plea hearing the following colloquy ensued:

MR. KLUGE [representing Moore]: Judge, may I backtrack on the issue on the motion [objecting to the sexual offender classification]?

THE COURT: Sure.

MR. KLUGE: Ordinarily, as we discussed, I would ask that the motion we filed be settled before we enter a plea.   But as the Court has indicated to me, *this preserves the issue on appeal* and with the briefing schedule.   I don't think it's necessary that the Court dispose of that issue today.   So I'm relying essentially on what the Court has indicated.

THE COURT: Mrs. Quigley, you want to make any record on that issue?

MS. QUIGLEY [representing the State]: Again, I'm going to reserve that until I've seen more fully what his arguments are.

THE COURT: Mr. Moore, we spent 20 minutes back in chambers before coming into the courtroom.   I don't know how much your attorney talked to you about it and it doesn't matter.   But on the record, I need to explain the expectations.

Your attorney wants to challenge the constitutionality of the sex offender registration statute.   Mrs. Quigley understands that.   *He doesn't want to waive – Mr. Kluge doesn't want to waive any opportunities for you to argue that statute fully.   His desire or expectation to enter a*

*no contest plea make him, I'm going to say, nervous that somehow if the Court acts upon that plea before deciding whether the statute's constitutional, he's waived that opportunity.*

My opinion doesn't really matter if the Court of Appeals doesn't agree but what I'm thinking is, *as long as that issue gets decided before sentencing, you still have the opportunity, first of all, to protest to argue at sentencing what you think ought to be appropriate and to not lose any rights for appeal. That's the operating assumption we have, right, Mrs. Quigley?*

MS. QUIGLEY: *That's correct, your Honor.*

THE COURT: *Right, Mr. Kluge?*

MR. KLUGE: *Yes, sir.*

THE COURT: *To the extent we don't want to waive your rights to argue that, I'm not.* I'm not the Court of Appeals either. *So we're doing the best we can to talk to them to explain everybody's positions so that issue can go up because you have the right to have that adjudicated*

I don't think the final order, Mr. Kluge, comes out of this Court until the sentencing. I would have to decide the constitutional challenge before I imposed the registration. So I think we'll have a decision on the constitutionality before the sentencing and at that point in time either there is or is not a sexual offender order *and the matter will go up without you waiving any rights. Does that seem like a logical plan to you?*

MR. KLUGE: *It does. And it seems accurate, your Honor.*

THE COURT: *Mrs. Quigley?*

MS. QUIGLEY: *I would agree.*

THE COURT: *Okay. That's the goal.* * * * . (Emphasis added.)

**{¶ 18}** Our review of the record leads us to the conclusion that Moore tendered his no-contest plea on

the understanding that he would not thereby waive any of the issues he was raising in his motion addressed to the sex offender classification, one of which was that to the extent that his classification depended upon findings of fact, he had a right to have a jury make those findings. The trial court assured Moore that by pleading no contest, he would not be waiving any of the issues raised in his motion.

{¶ 19} The trial court subsequently determined that by pleading no contest, Moore withdrew from the realm of disputed facts the facts upon which his sex offender classification was based, so that there were no disputes of fact to be heard by a jury, or by the court, for that matter. This ruling is inconsistent with the assurances the trial court previously gave Moore, upon which his plea was tendered. As a result, Moore's plea was other than knowing and intelligent.

{¶ 20} Moore's assignments of error are sustained.

### III. Conclusion

{¶ 21} Moore's assignments of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

WELBAUM, J., concurs.

HALL, J., concurring:

{¶ 22} Zachary Moore entered a no-contest plea to a bill of information charging him with two counts of unlawful sexual conduct with a minor, both fourth-degree felonies. The bill of information identifies each offense as an "F4." The plea form identifies each offense as an "F4," identifies the maximum prison term for each as eighteen months, and mentions a maximum fine of $5,000.00. An eighteen-month prison term and $5,000 fine only apply to fourth-degree felonies, and the potential penalties explained by the trial court during the plea colloquy were

those applicable to a fourth-degree felony.

{¶ 23} Unlawful sexual conduct with a minor, as a felony of the fourth degree, means that the offender is more than four years, but less than ten years, older than the victim. R.C. 2907.04 (B)(1). If the age difference exceeds ten years, the offense is a third-degree felony. R.C. 2907.04 (B)(3). If the offender is charged with the offense while having a prior conviction for rape, sexual battery, or unlawful sexual conduct, then unlawful sexual conduct with a minor is a second-degree felony. R.C. 2907.04 (B)(4). If the offender is less than four years older than the victim and has no indicated prior conviction, then unlawful sexual conduct with a minor is a first-degree misdemeanor. R.C. 2907.04 (B)(2). The only means by which the offense is a fourth-degree felony is when the offender is more than four but less than ten years older than the victim.

{¶ 24} When Moore entered his no-contest plea to unlawful sexual conduct with a minor as a fourth-degree felony, he was not disputing, which effectively admitted, that he was four years older than the victim. In addition, at the plea hearing the State was requested to give a statement of facts. The prosecutor indicated, for each charge, that the defendant's date of birth "is March 28th, 1987" and the victim's "date of birth was March 23rd, 1995." (Plea hearing Transcript at 20-21). The court then asked defense counsel if there was "any discussion about the facts, supplemental facts." (*Id*. at 21). The response was "No sir." (*Id*.).

{¶ 25} A violation of R.C. 2907.04, unlawful sexual conduct with a minor, automatically results in sex-offender registration at the Tier II level when the offender is at least four years older than the victim (an F4 offense) . R.C. 2950.01(F)(1)(b). There is no other choice. The trial court did not make a factual determination as to the age difference between the

offender and the victim. The defendant, by entering a no-contest plea to the F4 charge, did not deny he was four years older and there was no factual dispute.

{¶ 26} I do not doubt that the defendant and his counsel preserved for our review the question of whether Ohio's version of the Adam Walsh Act results in a denial of due process where a defendant, automatically and without a hearing, is classified as a Tier I, II, or III sex offender based solely on the offense committed. In that regard, I would hold that it is not a denial of due process. I refer to and quote the First District's opinion in *State v. Jillson*, 1st Dist. Hamilton No. C-110430, 2012-Ohio-1034:

> Jillson argues that his classification as a Tier II offender under Senate Bill 10 based solely upon the offense committed, in the absence of a classification hearing, violates his due-process rights and is unconstitutional. Due-process protections are triggered when a sexual offender is "deprived of a protected liberty or property interest as a result of the registration requirement." *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 6.

> This is an issue of first impression in this district. But the Fifth Appellate District has considered this same argument and held that "[n]o due process violation occurs where 'the law required an offender to be registered based upon the fact of the conviction alone.'" *In Re Adrian R.*, 5th Dist. No. 08–CA–17, 2008-Ohio-6581, ¶ 33, [remanded on other grounds, *In re A.R.*, 130 Ohio St.3d 258, 2011-Ohio-5344], quoting *Doe I v. Dann*, N.D. Ohio No. 1:08 CV 220, 2008 U.S. Dist. LEXIS 45228 (June 9, 2008). The Fourth Appellate District has reached the same conclusion and likewise held that classification of a sexual offender

without a hearing does not violate due process. *State v. Netherland*, 4th Dist. No. 08CA3043, 2008-Ohio-7007, ¶ 21, rev'd on other grounds, sub. nom. *In Re Sexual Offender Reclassification Cases*, 126 Ohio St.3d 322, 2010-Ohio-3753, 933 N.E.2d 801, ¶ 15-16. The Ohio Supreme Court has not considered this argument with respect to the current version of R.C. Chapter 2950. But that court has previously determined that, under Ohio's former sexual-offender-classification scheme, classification by operation of law did not violate due process. *Hayden* at ¶ 18.

Following our review of the relevant law, we are not persuaded by Jillson's arguments that his classification as a Tier II offender without a hearing violated his due-process rights. Jillson has failed to establish what protected liberty or property interest he has been deprived of by being classified without a hearing. Jillson's classification was automatic and was determined based upon the offense committed. No discretion on the part of the trial court was involved, and, because offenders are classified by operation of law, the classification system is uniformly applied and all offenders are treated alike. In fact, because classification is based upon the offense committed, an offender has advance notice upon indictment as to how he or she will be classified, if later convicted of the offense. Therefore, we conclude that sexual-offender classification under Senate Bill 10 in the absence of a hearing does not violate an offender's due-process rights.

*Jillson* at ¶ 27-29.

{¶ 27} I would join the First, Fourth, and Fifth Districts in holding that automatic

classification of a sexual offender by a statutorily-designated tier based solely on the offense of conviction does not offend due process.

{¶ 28} Nevertheless, I join with Judge Fain's analysis that, on this record, the defendant was assured at his plea hearing that he was preserving his ability to argue, among other things, that he was entitled to have a hearing on the age difference between himself and the victim. By entering a plea to the F4 level of the offense, he did not preserve that right, he undoubtedly waived it. Accordingly, I would agree Moore's plea was other than knowing and intelligent and join in Reversal and Remand for further proceedings.

. . . . . . . . . . . .


Copies mailed to:

R. Kelly Ormsby
Deborah S. Quigley
Russell S. Bensing
Bradley P. Koffel
Hon. Jonathan P. Hein