[Cite as *State v. Halderman*, 2026-Ohio-853.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2025-CA-5 |
| | : | |
| v. | : | Trial Court Case No. CRB2400820A |
| | : | (Criminal Appeal from Municipal Court) |
| SHAUN W. HALDERMAN | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 13, 2026, the prior judgment of this court issued on June 27, 2025, is vacated, and the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with the opinion.

Costs to be paid by the State.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


_____
MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

OPINION

RUSSELL PATTERSON, Attorney for Appellant
NOLAN P. MCNAMEE, Attorney for Appellee

TUCKER, J.

{¶ 1} This matter comes before us on Shaun W. Halderman's reopened direct appeal from his conviction on one count of unlawful sexual conduct with a minor, a first-degree misdemeanor.

{¶ 2} Halderman contends the trial court erred at sentencing by designating him a sex offender. He asserts that his prior appellate counsel provided ineffective assistance (1) by failing to challenge the sex offender designation as unlawful and (2) by failing to allege ineffective assistance of trial counsel for not raising the issue.

{¶ 3} We agree that the trial court erred in designating Halderman a sex offender when he was not convicted of a "sexually oriented offense" as defined by R.C. 2950.01. We also conclude that his prior appellate counsel provided ineffective assistance by failing to challenge the sex offender designation or argue ineffective assistance of trial counsel on appeal. In accordance with App.R. 26(B)(9), we vacate our prior judgment affirming the trial court's judgment. We reverse the trial court's judgment insofar as it designated Halderman a sex offender and remand the case for vacation of that designation. In all other respects, the trial court's judgment is affirmed.

## I. Background

{¶ 4} Halderman was charged with three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04. Based on the small age difference between the victim and Halderman, who was 18 years old, the offenses were first-degree misdemeanors. He

pleaded guilty to one of the charges in exchange for dismissal of the other two. The trial court imposed a 180-day jail sentence with 90 days suspended and credit for two days served. It also designated Halderman a Tier I sex offender.

{¶ 5} On direct appeal, Halderman challenged the validity of his plea, arguing that it was invalid under Crim.R. 11. We rejected this argument and overruled his sole assignment of error in *State v. Halderman*, 2025-Ohio-2253 (2d Dist.). In so doing, we made the following observation in a footnote:

It is not apparent that Halderman's offense required sex-offender registration. Only certain violations of R.C. 2907.04 qualify as "sexually-oriented offenses," and a "sex offender" is a person who has been convicted of a sexually-oriented offense. *State v. Blankenship*, 2015-Ohio-4624, ¶ 13, citing R.C. 2950.01(A)(2) and (3) and R.C. 2950.01(B)(1). As relevant here, "[a] person convicted of violating R.C. 2907.04 is a Tier I sex offender if the offender was less than four years older than the victim, there was no consent, and the offender has not been convicted of or pled guilty to certain sex offenses." *Id*. at ¶ 14, citing R.C. 2950.01(E)(1)(b). Halderman was less than four years older than the victim, and he had not been convicted of a prior sex offense. We also see no indication in the record that the sexual conduct between Halderman and the victim was non-consensual. At sentencing, defense counsel asserted that "[t]his was not a nonconsensual relationship[.]" *See* December 31, 2024 Sentencing Tr. at 4. In any event, Halderman does not argue on appeal that the offense to which he pled guilty did not qualify as a sexually-oriented offense. Therefore, we have no occasion to resolve the issue.

*Id*. at ¶ 11, fn. 1.

{¶ 6} Halderman subsequently filed an App.R. 26(B) application to reopen his direct appeal to raise the sex offender issue. We granted the application on November 4, 2025. This appeal followed.

## II. Analysis

{¶ 7} Halderman advances three related assignments of error challenging his designation as a sex offender and arguing ineffective assistance of trial counsel and prior appellate counsel. The assignments of error state:

**I. The trial court erred by ordering Mr. Halderman to register as a sex offender.**

**II. Mr. Halderman was denied the effective assistance of trial counsel.**

**III. Mr. Halderman was denied the effective assistance of appellate counsel.**

{¶ 8} With one exception, Halderman notes that Ohio law defines a "sex offender" as a person convicted of "any sexually oriented offense." *Blankenship* at ¶ 13, citing R.C. 2950.01(B)(1). The exception provides in part that a sex offender does not include a defendant convicted of a sexually oriented offense if the offense involved "consensual sexual conduct," the victim "was thirteen years of age or older," and the defendant "is not more than four years older than the victim." R.C. 2950.01(B)(2)(b).

{¶ 9} Here Halderman argues that he did not qualify as a sex offender because he was not convicted of a sexually oriented offense. He further asserts that even if his misdemeanor violation of R.C. 2907.04 did qualify as a sexually oriented offense, he still would not qualify as a sex offender because the foregoing exception applied. Halderman argues that his trial counsel provided ineffective assistance by failing to object to his

4

designation as a sex offender and that his prior appellate counsel provided ineffective assistance by failing to raise the issue on appeal.

{¶ 10} Upon review, we find each of Halderman's arguments to be persuasive. As relevant here, R.C. 2950.01(A)(2) defines a "sexually oriented offense" to include "[a] violation of section 2907.04 of the Revised Code when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, *the other person did not consent to the sexual conduct*, and the offender previously has not been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code." (Emphasis added.)

{¶ 11} The parties agree that Halderman was less than four years older than the victim and that he had no prior relevant convictions. Therefore, whether his misdemeanor violation of R.C. 2907.04 qualified as a sexually oriented offense depended on the victim's consent. At sentencing, defense counsel noted that Halderman had been in a relationship with the victim. Counsel added that "[t]his was not a nonconsensual relationship," and the State did not suggest otherwise. Even now, the State does not claim that Halderman compelled the victim to engage in sexual conduct or that the victim did not agree to participate. The State argues only that a minor under age 16 is legally incapable of consenting to sexual activity.

{¶ 12} In our view, however, R.C. 2950.01(A)(2) necessarily focuses on whether the victim consented as a matter of fact. Although the victim's consent did not preclude Halderman's conviction for unlawful sexual conduct with a minor, it did mean that his misdemeanor violation of R.C. 2907.04 was not a sexually oriented offense. If the State's position about the 14-year-old victim being incapable of giving consent were correct, the

5

second consideration in R.C. 2950.01(A)(2)—whether the victim "did not consent to the sexual conduct"—would be superfluous. Every victim of unlawful sexual conduct with a minor is under age 16. If that fact made consent impossible, the consent inquiry in R.C. 2950.02(A)(2) would be meaningless.

{¶ 13} We find additional support for our conclusion in R.C. 2950.01(B)(2)(b). As noted above, it provides that a "sex offender" does not include a defendant convicted of a sexually oriented offense if the offense involved "consensual sexual conduct," the victim was age 13 or older, and the defendant was "not more than four years older than the victim." This provision plainly envisions what the State claims is a legal impossibility—a victim under age 16 engaging in "consensual sexual conduct."

{¶ 14} Finally, our own precedent recognizes that consensual sexual conduct may result in a defendant not being classified as a sex offender despite a conviction under R.C. 2907.04. *See, e.g.*, *State v. Moore*, 2014-Ohio-1123, ¶ 14 (2d Dist.) (noting that the defendant "would not be properly classified as a sex offender at all if he was less than four years older than his victim and the sexual conduct was consensual"); *State v. Grigsby*, 2017-Ohio-8760, ¶ 20-21 (2d Dist.) (citing case law for the proposition that defendants convicted of violating R.C. 2907.04 do not qualify as sex offenders when the age difference is small and the sexual conduct is consensual); *see also State v. Adams*, 2010-Ohio-171 (10th Dist.) ¶ 23 ("Because the record of defendant's conviction presents no factual or legal basis upon which the Attorney General could determine the victim did not consent, defendant's conviction, a first-degree misdemeanor unlawful sexual conduct, in violation of R.C. 2907.04, does not qualify as a sexually oriented offense under R.C. 2950.01(A)(2), and [the] trial court correctly concluded the Attorney General could not properly classify defendant as a Tier I sex offender under R.C. 2950.01(E)(1)(b).").

**{¶ 15}** Here we see no evidentiary basis on which to conclude that Halderman's sexual conduct with the victim was non-consensual. He asserted below that he and the victim had been in a consensual relationship, and the State did not claim otherwise. On appeal, the State argues only that the victim lacked the legal capacity to give valid consent. It does not suggest that she was an unwilling participant. Under these circumstances, we hold that the trial court erred in designating Halderman as a sex offender with a concomitant registration requirement.

**{¶ 16}** Considering the foregoing analysis, it follows that Halderman's trial counsel provided ineffective assistance by failing to challenge his designation as a sex offender and that prior appellate counsel provided ineffective assistance by failing to raise the issue. In this reopened appeal, our primary focus is on the performance of prior appellate counsel. Halderman "must establish not only that the direct appeal was meritorious but also that the appeal failed because of the ineffective assistance of appellate counsel." *State v. Clark*, 2025-Ohio-4410, ¶ 19. Based on the reasoning set forth above, we find that he has satisfied both requirements.

**{¶ 17}** Halderman had a meritorious argument to raise on direct appeal regarding the trial court's erroneous determination that he qualified as a sex offender. His direct appeal failed, however, because his prior appellate counsel neglected to make the argument. Prior appellate counsel provided deficient representation by not discovering this winning issue and not pursuing it on appeal. Halderman was prejudiced because his sex offender designation would have been reversed in his prior appeal if the issue had been raised. Therefore, he has demonstrated ineffective assistance of appellate counsel under the familiar two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). Halderman's three related assignments of error are sustained.

7

### III. Conclusion

**{¶ 18}** In accordance with App.R. 26(B)(9), the prior judgment of this court affirming the trial court's judgment is vacated. Based on the reasoning set forth above, the trial court's judgment is reversed in part and affirmed in part. The judgment is reversed insofar as the trial court's designation of Halderman as a sex offender, and the case is remanded for the trial court to vacate that designation. In all other respects, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.