OPINION
{¶ 1} Defendant-appellant Joseph W. Stape Jr., appeals his conviction and sentence for four counts of gross sexual imposition (victim under 13 years of age), in violation of R.C. § 2907.05(A)(4), all felonies of the third degree.
 {¶ 2} On July 6, 2007, Stape was charged by indictment with two counts of rape *Page 2 
(victim under 13 years of age), in violation of R.C. § 2907.02(A)(1)(b), both felonies of the first degree, and four counts of gross sexual imposition (victim under 13 years of age), in violation of R.C. § 2907.05(A)(4), all felonies of the third degree. Stape was arraigned on July 12, 2007, stood mute, and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On December 3, 2007, Stape pled guilty to four counts of gross sexual imposition in exchange for the dismissal of both counts of rape, as well as a guarantee of concurrent terms of imprisonment. On January 2, 2008, the trial court sentenced Stape to five years on each of the four counts of gross sexual imposition, to be served concurrently pursuant to the plea agreement with the State. Stape filed a timely appeal with this Court on January 18, 2008.
 I {¶ 4} Stape's sole assignment of error is as follows:
 {¶ 5} "THE COURT'S ERRONEOUS ADVICE TO APPELLANT AT THE PLEA HEARING RENDERED HIS PLEA INVOLUNTARY."
 {¶ 6} In his sole assignment, Stape contends that the trial court provided him misleading and erroneous information regarding the length of time he is required to register as a sex offender under a Tier II designation at the plea hearing on December 3, 2007. Specifically, Stape asserts that the trial court misinformed him that he would be required to register as a sex offender for 20 years. As a Tier II offender, Stape is, in fact, required to register for 25 years. Stape argues that his plea was not made knowingly, intelligently, and voluntarily. Additionally, Stape asserts that he was afforded ineffective assistance of counsel when his attorney failed to request and move forward with a sex offender classification hearing at the time of sentencing.
 {¶ 7} Crim. R. 11(C) addresses guilty pleas in felony cases and states in pertinent part: *Page 3 
 {¶ 8} "(2) In felony cases, a court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 9} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 10} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 11} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 12} In the instant appeal, Stape does not argue that the trial court failed to properly apprise him of the constitutional implications of his guilty plea pursuant to Crim. R. 11. Rather, Stape asserts that his guilty plea was rendered unknowing and involuntary by the fact that the trial court supplied him with incorrect information concerning the length of time he would be required to register as a sex offender at the plea hearing. In support of his assertion, Stape directs our attention to the following exchange:
 {¶ 13} "The Court: Now, you have to comply with the registration requirement in the *Page 4 
statute in — it's a tier two. Again, the tiers are new. They don't come into effect until January 1st. I believe it's for 20 years.
 {¶ 14} "The Defendant: Okay.
 {¶ 15} "The Court: Yearly. I could be wrong about that. Whatever it is, it's by statute. I don't have any more discretion in that.
 {¶ 16} "The Defendant: All right.
 {¶ 17} "The Court: So, we can go over that at the time of sentencing, okay. * * *."
 {¶ 18} It is undisputed that the trial court was incorrect when it informed Stape that he would have to register as a sex offender for 20 years, when he would, in fact, be required to register for 25 years under a tier two designation. In State v. Cupp, Montgomery App. Nos. 21176, 21348, 2006-Ohio-1808, at ¶ 10, we stated the following:
 {¶ 19} "It is well settled, however, that a trial court need not inform a sex offender of the registration and notification requirements of R.C. Chapter 2950 before accepting a plea. We have described the registration and notification requirements as collateral consequences of a defendant's guilty plea to a sex offense. State v. Condron (March 27, 1998), Montgomery App. No. 16430 (`Because Megan's laws are not punitive, the registration and notification requirements are collateral consequences of a defendant's guilty plea.'). Therefore, a trial court is not obligated to inform a defendant about these requirements before accepting his plea, and its failure to do so does not render the plea invalid. State v. Abrams (Aug. 20, 1999), Montgomery App. No. 17459. Other Ohio appellate courts have held likewise. See, e.g., State v. Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344, at ¶ 9 (`[T]he registration and reporting requirements of R.C. § 2950 do not need to be explained at a plea proceeding since they are *Page 5 
remedial and not punitive in nature.'); State v. Paris, Auglaize App. No. 2-2000-04, 2000-Ohio-1886 (`Because a sexual predator determination is a collateral consequence of the underlying crim inal offense, the trial court had no duty pursuant to Crim. R. 11 to inform defendant of the registration and notification requirements accompanying a designation as a sexual predator and therefore, defendant's guilty plea cannot be said to be involuntary and unknowing.'); State v.DeAngelo (March 10, 1999), Lorain App. No. 97CA006902 (`[Because they are collateral consequences and not punishment, Crim. R. 11 does not require a trial court to inform a defendant of the registration and notification requirements accompanying a designation as a sexual predator.'); State v. Rice (Feb. 18, 1999), Cuyahoga App. No. 72685 (To argue the trial court has to inform defendant-appellant of all of the possible consequences of his plea is untenable. For example, the trial court does not have to inform defendant-appellant of all the "effects" of his plea such as the potential for losing his/her job, home, marriage, reputation or that his/her plea to a felony will deprive him/her the right to vote and/or possess a firearm. Since R.C. Chapter 2950 is remedial in nature, the failure to inform defendant-appellant of its effect does not invalidate an otherwise valid plea.')."
 {¶ 20} The trial court explained to Stape at the plea hearing that it was unsure of the registration period, but that it would have the correct information at the time of sentencing. At the sentencing hearing, the trial court provided Stape with the correct registration and notification requirements as required pursuant to his guilty plea to the charged offenses. Thus, Stape received accurate information regarding the registration period for a tier two offender at his sentencing hearing. *Page 6 
 {¶ 21} As previously stated, a trial court must strictly comply with Crim. R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination.Id. at 243-44. However, substantial compliance with Crim. R. 11(C) is sufficient when waiving non-constitutional rights. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. The non-constitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11 (C)(2)(a)(b);State v. Philpott (Dec. 14, 2000), 8th District No. 74392, citing McCarthy v. U.S. (1969), 394 U.S. 459, 466, 89 S.Ct. 1166. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Nero, 56 Ohio St.3d at 108.
 {¶ 22} A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v, Stewart (1977), 51 Ohio St.2d 86, 93,364 N.E.2d 1163, 1167; Crim. R. 52(A). The test is whether the plea would have been otherwise made. Id. At 108.
 {¶ 23} Stape fails to establish how the trial court's misinformation at the plea hearing regarding the registration term has prejudiced him in any way. Moreover, Stape does not even argue in his merit brief that he would have refused to enter a guilty plea had he been made aware of the 25 year registration at the plea hearing.[1] *Page 7 
Pursuant to our holding in Cupp, the trial court provided Stape with all of the accurate information regarding his status as a tier two sex offender at the sentencing hearing. Thus, Stape has failed to establish any prejudice resulting from the trial court's actions.
 {¶ 24} Lastly, Stape argues that he received ineffective assistance of counsel when his attorney failed to request and move forward with a sex offender classification hearing at the time of sentencing. The record reflects that Stape's attorney stated that his client was entitled to a classification hearing prior to being sentenced; however, defense counsel informed the court that he was not prepared to proceed with the hearing at that time. The court directed defense counsel to file a motion for a classification hearing after the sentencing hearing, and it would consider the motion. The record reveals that defense counsel never filed the motion for a classification hearing.
 {¶ 25} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, citingState v. Lytle (1976), *Page 8 48 Ohio St.2d 391, 396-397, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135.
 {¶ 26} The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Id. Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Id.
 {¶ 27} For a defendant to demonstrate that he has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. Bradley, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694.
 {¶ 28} Given the strong presumption that counsel's performance constituted reasonable assistance, Stape's counsel was not required to perform a futile act. State v. Lodge, Greene App. No. 2004 CA 43,2005-Ohio-1908. Moreover, Stape has failed to demonstrate that there is a reasonable probability that but for his counsel's failure to file the motion for the classification hearing, his designation as a tier two sexual *Page 9 
offender would have been any different. The tier system under which Stape was sentenced results in an automatic mandatory classification based solely upon a defendant's conviction for a particular sexual offense. Thus, the trial court has no discretion in determining the level of Stape's classification, and he was not entitled to hearing prior to being designated as a tier two offender.
 {¶ 29} Stape's sole assignment of error is overruled.
 II {¶ 30} Stape's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
WOLFF, J. and GRADY, J., concur. Copies mailed to:
Copies mailed to:
Johnna M. Shia Michael L. Wright Hon. Barbara P. Gorman
[1] In fact, the record indicates that Stape was arguably informed of the 25 year registration requirement at the plea hearing, as is established by the following exchange between the trial court, the State, and defense counsel:
"The Court: And I believe they just changed the sexual predator law as far as reporting. This doesn't say which one he would be.
"The State: He would be a tier two, Your Honor, 25-year registration requirement.
 "Defense Counsel: And that's what I informed him of, Your Honor." *Page 1