[Cite as *State v. Hawkins*, 2013-Ohio-2572.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-49 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-08 |
| v. | : | |
| | : | |
| DAVID R. HAWKINS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of June, 2013.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by NATHANIEL R. LUKEN, Atty. Reg. #0087864, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
  Attorney for Plaintiff-Appellee

TYLER D. STARLINE, Atty. Reg. #0078552, Finlay, Johnson & Beard, Ltd., 260 North Detroit Street, Xenia, Ohio 45385
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

  **{¶ 1}** David R. Hawkins appeals from his conviction and sentence following a guilty plea

to two counts of sexual battery in violation of R.C. 2907.03(A)(2).

{¶ 2} Hawkins advances two assignments of error on appeal. First, he contends the trial court erred in accepting his guilty plea without properly informing him of his classification under the Adam Walsh Act and the corresponding sex-offender reporting and notification ("SORN") requirements. Second, he claims the trial court erred at sentencing by failing to advise him of his right to appeal.

{¶ 3} The record reflects that Hawkins originally was indicted on two counts of rape and one count of sexual battery for engaging in multiple sex acts with a twelve-year-old girl. The sexual-battery charge in the indictment is identified as a second-degree felony because the indictment specifies the victim's age. *See* R.C. 2907.03(B) (providing that sexual battery is a second-degree felony if the victim is less than thirteen years old). As part of a negotiated agreement, Hawkins later pled guilty to two counts of sexual battery in violation of R.C. 2907.03(A)(2), each a third-degree felony. (Doc. #34).

{¶ 4} During the plea hearing, the trial court conducted a Crim.R. 11 colloquy, advising Hawkins of the various rights he was waiving and informing him of the potential punishment. At one point, the trial court inquired whether sexual battery was a Tier III sex offense. The prosecutor incorrectly responded that it was a Tier II offense.[1] (Plea Tr. at 9-10). The trial court then asked Hawkins whether he understood that his guilty plea would result in sex-offender registration requirements and that he would have to follow them. Hawkins stated that he understood. (*Id.*). He also signed a plea form that mentioned "sexual registration" as one of his sanctions. (Doc. #34).

{¶ 5} At sentencing, the trial court correctly advised Hawkins that the sexual-battery

---

[1] Sexual battery is a Tier III sex offense.    R.C. 2950.01(G)(1)(a).

charges were Tier III sex offenses. It proceeded to provide a more detailed explanation of Hawkins' sex-offender reporting requirements, including a requirement to verify his address every ninety days for life. (Sentencing Tr. at 4-8). Hawkins stated that he understood. (*Id*. at 8). The trial court then imposed an aggregate six-year prison sentence This appeal followed.

{¶ 6} In his first assignment of error, Hawkins challenges the validity of his guilty plea. He argues that his plea was not knowing, intelligent, and voluntary because (1) he was misinformed about the applicable sex-offense tier level and (2) he was uninformed about mandatory reporting requirements, including address verification every ninety days for life and potential criminal prosecution for failure to comply. Because the Adam Walsh Act version of Ohio's SORN law applicable to Hawkins has been held to be punitive, he asserts that the trial court was required to discuss the applicable requirements during the plea colloquy.

{¶ 7} In response, the State contends the trial court substantially complied with Crim.R. 11 during the plea hearing despite the prosecutor's misstatement about the applicable tier level and the lack of any specifics regarding SORN's requirements. Alternatively, absent substantial compliance, the State argues that the trial court partially complied with Crim.R. 11 by telling Hawkins he would be required to register as a sex offender. As a result of this alleged partial compliance, the State argues that Hawkins must demonstrate prejudice by establishing that he would not have pled guilty if he had been fully informed about his obligations.

{¶ 8} Prior to the Adam Walsh Act version of R.C. Chapter 2950, a trial court had no obligation to inform a sex offender of the applicable registration, verification, and notification requirements before accepting a guilty plea. *See*, *e.g.*, *State v. Stape*, 2d Dist. Montgomery No. 22586, 2009-Ohio-420, ¶19. Those requirements were considered remedial, collateral

consequences of the underlying sex offense. Therefore, Crim.R. 11 imposed no duty on a trial court to mention them. *Id.*

**{¶ 9}** In *State v. Williams*, 129 Ohio St.3d 324, 2011-Ohio-3374, 952 N.E.2d 1108, ¶16, the Ohio Supreme Court held that the Adam Walsh Act version of R.C. Chapter 2950 is punitive, not remedial. As a result, we agree with Hawkins that Crim.R. 11 obligates a trial court to advise a defendant who is being sentenced under the Adam Walsh Act at least of the basic registration requirement before accepting his plea. In a concurring opinion penned more than eighteen months ago, one member of the present panel foreshadowed this result, reasoning:

> * * * [W]e have repeatedly held that a trial court need not inform a defendant about the registration and notification requirements in R.C. Chapter 2950 before accepting a plea. I write separately merely to note that this may change for defendants sentenced after the Adam Walsh Act amendments to R.C. Chapter 2950 (2007 Am.Sub.S.B. No. 10). As a result of *State v. Williams*, 129 Ohio St.3d 324, 2011-Ohio-3374, the registration, notification and verification requirements for persons classified as sexual offenders under the Adam Walsh Act are not regarded as remedial; they are punitive. *Id.*, ¶16, 21. If those requirements are now punitive under R.C. Chapter 2950, then they are part of the penalty for the offense. Consequently, the defendant must be informed of them before his plea of guilty or no contest may be accepted. Crim. R. 11(C)(2)(a).

*State v. Bush*, 2d Dist. Greene No. 10CA82, 2011-Ohio-5954, ¶20 (Fain, J., concurring).

**{¶ 10}** Our sister courts have reached the same conclusion. For example, in *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, the First District reasoned:

In order for a trial court to ensure that a defendant's plea is knowing, voluntary, and intelligent, it must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶25-26. When accepting a plea of guilty, a trial court must determine that the defendant understands the nature of the charges and of the maximum penalty involved. Crim.R. 11(C)(2)(a).

The registration, community-notification, and verification requirements of the Adam Walsh Act for persons classified as sex offenders are punitive in nature. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶16-21. As such, they are part of the penalty imposed for the offense. Consequently, a defendant must be informed of them before his plea of guilty may be accepted. Since Jackson was not informed of the requirements that would result if he was classified as a Tier I offender, he did not enter a knowing plea to the charge of gross sexual imposition.

*Id.* at ¶5-6.

{¶ 11} Similarly, the Eighth District has recognized that the sex-offender registration, verification, and notification requirements imposed by the Adam Walsh Act are punitive and must be addressed in a Crim.R. 11 plea colloquy. *State v. Allen*, 8th Dist. Cuyahoga No. 97820, 2013-Ohio-258, ¶11. In *Allen*, the court concluded that SORN's requirements were part of the "maximum penalty" a sex offender faced. *Id*. at ¶12. The Eighth District also found the substantial-compliance standard applicable, reasoning:

A trial court only needs to substantially comply with the nonconstitutional

requirements of Crim.R. 11(C)(2)(a), which includes the maximum penalties. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." The trial court is not "required to review each of the numerous individual restrictions set forth in R.C. Chapter 2950" in order to substantially comply with Crim.R. 11 in advising a defendant regarding his sexual offender classification.

(Citations omitted.) *Id.*

{¶ 12} Consistent with the concurring opinion in *Bush*, and the opinions of the First and Eighth Districts, we conclude that the trial court had a duty to address the basic obligation imposed on Hawkins by the Adam Walsh Act before accepting his guilty plea. We also agree with the Eight District's finding that this duty was a non-constitutional requirement of Crim.R. 11. "When reviewing non-constitutional requirements of Crim.R. 11, an appellate court uses a substantial compliance standard, meaning that 'under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Collins*, 2d Dist. Greene No. 2012-CA-2, 2012-Ohio-4969, ¶6, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 13} Here the record does not reflect that Hawkins subjectively understood the implications of his guilty plea as to the obligations imposed by the Adam Walsh Act. During the plea hearing, the prosecutor incorrectly represented that sexual battery was a Tier II sex offense. Prior to entering his guilty plea, Hawkins was not advised that sexual battery actually was a Tier III sex offense. Nor was he advised that a conviction on a Tier III sex offense obligates an

offender to verify his address every ninety days for life or that it includes community notification.[2] After the prosecutor incorrectly announced that sexual battery was a Tier II offense, the trial court discovered that defense counsel had not discussed sex-offender registration with Hawkins "at all." (Plea Tr. at 10). The trial court then simply told Hawkins "there will be a registration requirement and I will announce that at the sentencing and you will have to follow those requirements." (*Id*.).

{¶ 14} In our view, the foregoing statement fell short of satisfying the trial court's obligation under Crim.R. 11 to advise Hawkins of the basic consequences he faced under R.C. Chapter 2950. "This is not to say, however, that the trial court is required to review each of the numerous individual restrictions and requirements set forth in R.C. Chapter 2950 in order to substantially comply with nonconstitutional provisions of Crim.R. 11." *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶16. For present purposes, we hold only that the trial court did not substantially comply with Crim.R. 11 when it allowed the prosecutor's misstatement about the applicable tier level to stand uncorrected and failed to inform Hawkins about his address-verification obligation every ninety days for life and about the fact that a Tier III conviction includes community notification. The trial court's bare observation that "there will

---

[2]Pursuant to R.C. 2950.11(F)(1)(a), community notification generally is required for a Tier III sex offense. *State v. Gillingham*, 2d Dist. Montgomery No. 23244, 2010-Ohio-379, ¶30 (recognizing that "Tier III offenders are subject to community notification as a default"). Under certain circumstances, a trial court has the discretion either not to impose or to suspend such community notification. *See, e.g.*, R.C. 2950.11(F)(2); R.C. 2950.11(H)(1); *State v. McConville*, 124 Ohio St.3d 556, 2010-Ohio-958, 925 N.E.2d 133, ¶4-13. Here the trial court's judgment entry includes a form explaining Hawkins' duties as a sex offender. The form contains a checkmarked box indicating that he is a Tier III sex offender. A box reading "Not Subject to Community Notification pursuant to O.R.C. 2950.11(F)(2)" was *left empty and not checkmarked* by the trial court. (*See* Attachment to Judgment Entry, Doc. #40). Therefore, absent any indication in the record to the contrary, we must conclude that the trial court intended for Hawkins to be subject to community notification pursuant to R.C. 2950.11(F)(1)(a).

be a registration requirement" was not enough, even under a substantial-compliance standard.

{¶ 15} "When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." (Emphasis sic.) *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶32. "If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated." *Id.*

{¶ 16} Although the trial court did mention an unspecified "registration requirement," the trial court wholly failed to mention in-person address verification every ninety days for life or community notification during the plea hearing. Its omissions about these topics reflect non-compliance with Crim.R. 11 rather than partial compliance. The prosecutor's misstatement about the applicable tier level also was significant. A Tier II sex offender faces semi-annual reporting for twenty-five years, whereas a Tier III sex offender must report to the sheriff's office four times a year for life and typically must endure community notification.

{¶ 17} On the record before us, we find non-compliance with Crim.R. 11 as to the punitive address-verification and community-notification provisions of the Adam Walsh Act version of R.C. Chapter 2950. As a result, Hawkins' guilty plea must be vacated without regard to a showing of prejudice. *Clark* at ¶32.

{¶ 18} In opposition to our conclusion, the State claims the present case is analogous to

*State v. Garrett*, 9th Dist. Summit No. 24377, 2009-Ohio-2559. In *Garrett*, the defendant moved to withdraw his guilty plea to involuntary manslaughter five years after his conviction. He argued that the plea was invalid because the trial court had not properly explained post-release control. During the defendant's plea hearing, defense counsel stated that he had discussed post-release control with the defendant and that the defendant understood the process. *Id.* at ¶1-2. Also during the plea hearing, the trial court advised the defendant that he faced "up to five years" of post-release control. The defendant actually faced a mandatory five-year term of post-release control. *Id.* at ¶3-5. The Ninth District nevertheless found substantial compliance with Crim.R. 11 with regard to the information about post-release control.

{¶ 19} We find *Garrett* readily distinguishable. There the trial court did inform the defendant of a post-release control obligation. In contrast, the trial court in Hawkins' case did not mention the lifetime address-verification or community-notification requirements of R.C. Chapter 2950. As the *Garrett* court itself recognized, substantial compliance cannot exist where a trial court fails to mention an obligation. *Garrett* at ¶18-19, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. Hawkins' first assignment of error is sustained.

{¶ 20} In his second assignment of error, Hawkins contends the trial court erred in failing to mention his right to appeal at sentencing. Our resolution of the first assignment of error renders this assignment of error moot. The trial court's omission would not require reversal in any event because Hawkins filed a timely notice of appeal with the assistance of appointed appellate counsel. *See*, *e.g.*, *State v. Middleton*, 12th Dist. Preble No. CA2004-01-003, 2005-Ohio-681, ¶25 ("Regardless of whether the common pleas court committed error with regard to Crim.R. 32(B)(2) and (3), appellant has failed to show prejudice. Appellant was

appointed counsel and filed an appeal within the requisite time period. Accordingly, there was no reversible error in this case."). The second assignment of error is overruled.

{¶ 21} Having sustained Hawkins' first assignment of error, we reverse the trial court's judgment and remand the cause for vacation of the guilty plea in this case.

. . . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.

Copies mailed to:

Stephen K. Haller
Nathaniel R. Luken
Tyler D. Starline
Hon. Stephen Wolaver