[Cite as *State v. McGinnis*, 2014-Ohio-2385.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99918**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSHUA McGINNIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-560516-A

**BEFORE:** Blackmon, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEY FOR APPELLANT**

Edward M. Graham
13363 Madison Avenue
Lakewood, Ohio 44107

Joshua McGinnis
#641-433
BE.C.I.
P.O. Box 540
St. Clairsville, Ohio 43950

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Mary H. McGrath
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Joshua McGinnis appeals the trial court's denial of his postsentence motion to withdraw his guilty plea and assigns the following error for our review:

> I. The trial court committed plain error in accepting appellant's plea that was not made knowingly, intelligently, and voluntarily.

{¶2} Having reviewed the record and pertinent law, we affirm McGinnis's conviction, but vacate his classification as a Tier III sex offender, and remand this case to the common pleas court to conduct a reclassification hearing. The apposite facts follow.

{¶3} On April 25, 2012, the Cuyahoga County Grand Jury indicted McGinnis on three counts of rape with a furthermore specification that the victim was less than ten years of age. The grand jury also indicted McGinnis on one count each of gross sexual imposition and kidnapping with a sexual motivation specification attached.

{¶4} On March 26, 2013, pursuant to a plea agreement with the state, McGinnis pleaded guilty to one count of rape that was amended to delete the furthermore specification. McGinnis also pleaded guilty to the gross sexual imposition charge, and the state dismissed the remaining counts.

{¶5} On April 24, 2013, the trial court sentenced McGinnis to an aggregate prison term of ten years, with five years of mandatory postrelease control, and classified him as a Tier III sex offender.

## Guilty Plea

{¶6} In the sole assigned error, McGinnis argues his guilty plea was not

knowingly, intelligently, and voluntarily made.

{¶7} When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution. *State v. Hanson*, 8th Dist. Cuyahoga No. 99362, 2013-Ohio-3916, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450.

{¶8} To ensure that a plea to a felony charge is knowingly, intelligently, and voluntarily entered into, a trial court must follow the dictates of Crim.R. 11(C)(2). This provision provides that the court must address defendants personally and (1) determine that they understand the nature of the charges against them and of the maximum penalty involved, (2) inform them of and determine that they understand the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence, and (3) inform them of and determine that they understand the constitutional rights that they are giving up by entering into their plea. Crim.R. 11(C)(2)(a) - (c). The United States Supreme Court specified a defendant's constitutional rights as (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶9} Crim.R. 11(C)(2)(c) sets forth a defendant's constitutional rights as follows:

Informing the defendant and determining that the defendant understands
that by the plea the defendant is waiving the rights to jury trial, to confront

witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶10}** In differentiating between constitutional rights and nonconstitutional rights under Crim.R. 11(C), courts have held that strict compliance with the rule is required if the appellant raises a constitutional right delineated in Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Substantial compliance, however, is the standard when the appellant raises a violation of a nonconstitutional right outlined in Crim.R. 11(C)(2)(a) and (b). *State v. Drake*, 8th Dist. Cuyahoga No. 98640, 2013-Ohio-1984, ¶ 5, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

**{¶11}** This court conducts a de novo review to determine whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *Stewart*, *supra*. "We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6.

**{¶12}** In the instant case, McGinnis only raises one issue with respect to the trial court's lack of compliance with Crim.R. 11. He contends that the trial court erred because it failed to review the notice requirements concerning sexual offender classification obligations and the penalty for failure to comply.

**{¶13}** Our review of the record herein shows that the trial court explained the

constitutional rights McGinnis would be waiving by entering a plea of guilty, and McGinnis expressed his understanding of those rights. The trial court also reviewed with McGinnis the nature of the offenses and the potential penalties involved. In addition, defense counsel indicated, and McGinnis conceded, that they had discussed the matter numerous times, that McGinnis was aware of his constitutional rights, and that his plea was being entered knowingly, intelligently, and voluntarily. As such, the trial court strictly complied with the constitutional requirements of Crim.R. 11(C).

{¶14} Turning our attention to the nonconstitutional issue raised regarding the trial court's alleged failure to review the notice requirement of the sex offender classification, the following discussion took place:

| | |
|---|---|
| Prosecutor: | * * * In addition, your Honor, by pleading guilty to those two counts of the indictment, this defendant will automatically be labeled a Tier III sex offender which will require him to register every 90 days for the rest of his life, and cannot live within 1,000 feet of a school, or religious facility, or any place where there are children. Tr. 17. |
| * * * | |
| The Court: | The government has indicated, and as part and parcel of the plea agreement with you, that you would be classified as a Tier III sex offender for which we will review in a few minutes. Do you understand? |
| The Defendant: | Yes. |
| * * * | |
| The Court: | * * * And what has been spread on the record is that the government would make an amendment on count one to simple rape for a felony of the first degree, and that you would plead guilty to count 4, which is gross sexual imposition, a felony of the third degree. You would be |

classified as a Tier III sexual offender, and they would delete the age and furthermore specification in each indictment. Tr. 26-27.

**{¶15}** After McGinnis pleaded guilty, the following exchange took place:

The Court:          Does the government want his rights — sexual classification rights done now, or at the time of sentencing?

Prosecutor:         It's up to the Court, your Honor.  He has been made aware that he's a sexual Tier III offender, and what his requirements are will have to be read at sentencing, as well.

The Court:          Okay.   I'll do it at sentencing.   Tr. 29.

**{¶16}** Here, there is no dispute that the trial court elected not to review the notice requirement of the sex offender classification at the time McGinnis entered his plea. However, after reviewing the excerpt above, and elsewhere in the record, we have determined that the trial court substantially complied with the nonconstitutional mandates of Crim.R. 11(C).

**{¶17}** The excerpt above reveals that the prosecutor, in outlining the plea agreement, indicated that McGinnis would automatically be labeled a Tier III sex offender, that he was required to register every 90 days for life, that he was prohibited from living within 1,000 feet of a school, religious facility, or any place where there were children.  The above excerpt also reveals that the trial court indicated three times that McGinnis would be classified as a Tier III sex offender.  Thus, when viewed under the totality of the circumstances, one could easily conclude that McGinnis understood that he would be classified as a sex offender and was subject to the attendant reporting requirements, despite the trial court's decision to review the requirements at sentencing.

**{¶18}** Furthermore, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney* at ¶ 14-17. The test for prejudice is whether the plea would have otherwise been made. *Id*. at ¶ 15.

There is nothing in the record to suggest that McGinnis would not have pleaded guilty if the trial court had reviewed the sex offender classification notice requirement.

**{¶19}** On the contrary, the record supports that McGinnis was motivated to accept the plea agreement. In this regard, defense counsel stated:

> The only reason that he's standing here is because the exposure is so astronomical in the event that 12 people believe that he sexually assaulted or raped a girl under ten years old, its life, and the risk was just too great for Mr. McGinnis to withstand. Tr. 46.

As such, we conclude that McGinnis knowingly, intelligently, and voluntarily pleaded guilty. Consequently, we affirm McGinnis's convictions.

### Sex Offender Registration

**{¶20}** As discussed above, we concluded that McGinnis entered his plea knowingly, intelligently, and voluntarily. We also underscore that McGinnis was very motivated to enter the plea because of the risk of a life sentence in the event that the jury found him guilty with the furthermore specification that the victim was less than ten years of age. Thus, at this juncture, our only question is whether McGinnis was prejudiced by the trial court classifying him as a Tier III offender. For the reasons that follow, we conclude McGinnis was not prejudiced.

**{¶21}** In 1996, the General Assembly enacted Am.Sub.H.B. 180 ("Megan's

Law"), which amended the state's sex offender registration process. *State v. Cook*, 83 Ohio St.3d 404, 406, 1998-Ohio-291, 700 N.E.2d 570. Portions of Megan's Law became effective January 1, 1997, and other portions of the law became effective July 1, 1997. *Id*.

{¶22} Effective January 1, 2008, the General Assembly repealed Megan's Law and replaced it with the Adam Walsh Act ("S.B. 10"). *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 20. S.B. 10 eliminated the categories of "sexually oriented offender," "habitual sex offender," and "sexual predator" under Megan's Law and replaced them with a three-tiered classification system. *Id*. at ¶ 21.

{¶23} Under the new classification system adopted by S.B. 10, a trial court must designate the offender as either a Tier I, II, or III sex offender. R.C. 2950.01. "The new classification system places a much greater limit on the discretion of the trial court to categorize the offender, as S.B. 10 requires the trial court to simply place the offender into one of the three tiers based on their offense." *In re Copeland*, 3d Dist. Allen No. 1-08-40, 2009-Ohio-190, ¶ 10.

{¶24} At the plea hearing, the state of Ohio and McGinnis agreed that the sex offenses occurred from January 2, 2007 through August 31, 2007. The state of Ohio concedes that although the prosecutor told the court and defense counsel agreed that, pursuant to the plea agreement, McGinnis would automatically be labeled a Tier III offender, he should have been classified under Megan's Law based on the dates of the offenses. The state of Ohio asks that we remand the matter to the trial court for the

limited purpose of conducting an H.B. 180 hearing under Megan's Law.

**{¶25}** McGinnis argues his plea was not knowingly, intelligently, and voluntarily made because of the trial court's incorrect pronouncements and subsequent classification. As such, McGinnis contends his plea must be vacated. In support of his argument, McGinnis urges that we follow *State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572.

**{¶26}** In *Hawkins*, the defendant pled guilty to two counts of sexual battery, in violation of R.C. 2907.03(A)(2). The trial court accepted the plea, sentenced him to six years in prison, and classified him as a Tier III sex offender. Defendant appealed and argued that his plea was not made knowingly, intelligently, and voluntarily. *Id*.

**{¶27}** The appellate court held that the trial court erred by failing to address the basic obligation imposed on the defendant by the Adam Walsh Act, R.C. Chapter 2950, which was punitive, before accepting defendant's guilty plea. The duty was a nonconstitutional requirement of Crim.R. 11. The trial court did not substantially comply with Crim.R. 11 when it allowed the prosecutor's misstatement about the applicable sex offender tier level to stand uncorrected and failed to inform defendant about his address-verification obligation every 90 days for life and about the fact that a Tier III conviction included community notification. *Id.*

**{¶28}** The appellate court found that the trial court's bare observation that there would be a registration requirement was not enough, even under a substantial-compliance standard. The trial court's statement fell short of satisfying the trial court's obligation

under Crim.R. 11 to advise the defendant of the basic consequences he faced under R.C. Chapter 2950. *Id.*

**{¶29}** *Hawkins,* is distinguishable from the instant case. In *Hawkins*, the defendant was incorrectly classified as a Tier III sex offender, when he should have been classified as a Tier II sex offender. In addition, the trial court had an obligation to fully apprise the defendant of the applicable registration, verification, and notification requirements before accepting the plea. In *Hawkins*, the defendant was incorrectly classified under the right law. As opposed to the instant case, where the trial court classified the defendant under the wrong law — Adam Walsh Act instead of Megan's Law.

**{¶30}** Here, had McGinnis been properly classified under Megan's Law, the trial court would have had no obligation to inform him of the applicable registration, verification, and notification requirements before accepting his guilty plea. *Hawkins*, citing *State v. Stape*, 2d Dist. Montgomery No. 22586, 2009-Ohio-420, ¶19. Those requirements were considered remedial, collateral consequences of the underlying sex offense. Therefore, Crim.R. 11 imposed no duty on a trial court to mention them. *Id.*

**{¶31}** Because the notification obligation under Megan's Law were considered remedial, collateral consequences of the underlying sex offense, McGinnis was not prejudiced when the trial court incorrectly stated at the plea hearing that he would be classified as a Tier III sex offender and then opted to defer review of the basic registration requirements until the sentencing hearing.

**{¶32}** We conclude McGinnis's plea was not rendered less knowingly, intelligently, and voluntarily because of the trial court's incorrect pronouncement and subsequent Tier III classification. However, he must be re-classified under Megan's Law. Accordingly, we overrule in part and sustain in part, McGinnis's sole assigned error.

**{¶33}** Judgment affirmed in part, reversed in part, and the matter is remanded for the trial court to conduct an H.B. 180 hearing with the limited purpose of reclassifying McGinnis in accordance with Megan's Law.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR