[Cite as *State v. Dawson*, 2014-Ohio-4382.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100901**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOEVON DAWSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575791-A

**BEFORE:** Blackmon, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 2, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Brett Hammond
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Joevon Dawson ("Dawson") appeals his guilty plea to having a weapon while under disability and assigns the following sole assigned error for our review:

> The plea colloquy was insufficient because the defendant was not told that the jury was required to be unanimous in any decision to convict the defendant.

{¶2} Having reviewed the record and pertinent law, we affirm Dawson's conviction. The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Dawson for felonious assault with one-and three-year firearm and forfeiture specifications attached, tampering with evidence, and having a weapon while under disability with a forfeiture specification attached. The charges arose from Dawson firing a 9 mm semiautomatic handgun at the floor during an altercation.

{¶4} Pursuant to a plea agreement, Dawson agreed to plead guilty to having a weapon while under disability along with the forfeiture specification. The other two counts were nolled. The trial court sentenced Dawson to an agreed sentence of one year in prison, and Dawson was required to forfeit his handgun.

## Guilty Plea

{¶5} In his sole assigned error, Dawson argues his plea was not knowingly, intelligently, or voluntarily entered, because the trial court failed to advise him that a jury was obligated to unanimously find him guilty if a trial were held.

**{¶6}** Crim.R. 11(C)(2)(c) provides that the court may not accept a plea of guilty or no contest without first addressing the defendant personally and doing all the following:

Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶7}** The rights enunciated in Crim.R. 11(C)(2)(c) are constitutional in nature. *State v. McGinnis*, 8th Dist. Cuyahoga No. 99918, 2014-Ohio-2385. In *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, the Supreme Court of Ohio reaffirmed that strict compliance is required when advising the defendant of the constitutional rights he is waiving by pleading guilty or no contest. *Id.* at ¶ 18. "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *Id.*

**{¶8}** At the plea hearing in this case, the trial court advised Dawson that he was waiving his right to a jury trial. Dawson contends the trial court was also obligated to inform him that the verdict reached by a jury had to be unanimous. However, a trial court does not need to inform the defendant that a jury verdict must be unanimous in order to comply with Crim.R. 11. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 68, and *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810

N.E.2d 927, ¶ 44 (concluding in the context of a jury trial waiver that the trial court was not required to specifically advise defendant on the need for juror unanimity). Courts have applied this analysis to the waiver of a right to a jury trial in the form of a guilty plea. *See State v. Coleman*, 9th Dist. Summit No. 26008, 2012-Ohio-1712; *State v. McGrady*, 2d Dist. Greene No. 2009 CA 60, 2010-Ohio-3243; *State v. Howdyshell*, 5th Dist. Muskingum No. CT 2008-0040, 2009-Ohio-4238, ¶ 9-13; *State v. Simpson*, 10th Dist. Franklin No. 07AP-929, 2008-Ohio-2460, ¶ 11-12; *State v. Woodland*, 6th Dist. Wood No. WD-03-044, 2004-Ohio-2772; *State v. Pons,* 1st Dist. Montgomery No. 7817, 1983 Ohio App. LEXIS 12142 (June 1, 1983). Our research has not revealed any district in Ohio that requires the trial court to advise the defendant that the jury's verdict must be unanimous.

{¶9} Thus, because Crim.R. 11(C)(2) does not require that the trial court inform the defendant that a jury verdict must be unanimous, the trial court's simple advisement that Dawson was waiving his right to a jury trial was in compliance with the rule. Accordingly, Dawson's sole assigned error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,   JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR