[Cite as *State v. Halderman*, 2025-Ohio-2253.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-5 |
| Appellee | : | |
| | : | Trial Court Case No. CRB2400820A |
| v. | : | |
| | : | (Criminal Appeal from Municipal Court) |
| SHAUN W. HALDERMAN | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . .

Pursuant to the opinion of this court rendered on June 27, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

[[Applied Signature]]
CHRISTOPHER B. EPLEY, PRESIDING JUDGE


[[Applied Signature 2]]
MICHAEL L. TUCKER, JUDGE


[[Applied Signature 3]]
ROBERT G. HANSEMAN, JUDGE

**OPINION**
GREENE C.A. No. 2025-CA-5

MARY ADELINE R. LEWIS, Attorney for Appellant
NOLAN P. MCNAMEE, Attorney for Appellee

TUCKER, J.

{¶ 1} Shaun W. Halderman appeals from his conviction on one count of unlawful sexual conduct with a minor, a first-degree misdemeanor.

{¶ 2} Halderman contends his guilty plea to the foregoing charge was rendered involuntary and invalid by the trial court's failure to comply with Crim.R. 11(C)(2) and Crim.R. 11(D).

{¶ 3} We conclude that neither Crim.R. 11(C)(2) nor Crim.R. 11(D) applied to Halderman's offense. Therefore, any failure to comply with those provisions did not render his guilty plea involuntary or otherwise invalidate it. Accordingly, the trial court's judgment will be affirmed.

**I. Background**

{¶ 4} Halderman was charged with three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04. Based on the age difference between the victim and Halderman, who was 18 years old, the offenses were first-degree misdemeanors. Halderman pled guilty to one of the charges in exchange for dismissal of the other two. During the plea hearing, the following colloquy occurred between the trial court and Halderman:

THE COURT: Mr. Halderman, the offer from the State of Ohio is for you to

plead to one count of unlawful sexual conduct with a minor, a first-degree

misdemeanor. Penalty is up to six months in jail and up to a $1,000 fine. You understand all that I've said, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you accept the offer, plead guilty to the charge I have described in detail, two other counts of unlawful sexual conduct with a minor would be dismissed without cost. Do you wish to accept the State's offer, plead guilty to the charge I have described?

THE DEFENDANT: Yes, Your Honor, I would like to plead guilty.

THE COURT: All right. What is your plea to one count of unlawful sexual conduct with a minor?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: Court accepts the plea, makes a finding of guilty.

{¶ 5} Following the preparation of a presentence-investigation report, the trial court imposed a 180-day jail sentence with 90 days suspended and credit for two days served. It also designated Halderman a Tier I sex offender. This appeal followed.

## II. Analysis

{¶ 6} Halderman's sole assignment of error states:

**The Appellant's plea was involuntary and invalid when the Trial Court completely failed to comply with Criminal Rule 11(C)(2)(a) and Criminal Rule 11(D).**

{¶ 7} Halderman contends the trial court violated Crim.R. 11(C)(2)(a) and Crim.R. 11(D) by failing to explain the constitutional rights he was waiving by pleading guilty. Although his offense was a first-degree misdemeanor, he argues that this explanation was required because it qualified as a "serious offense" under Crim.R. 2(C).

{¶ 8} Upon review, we find Halderman's argument to be unpersuasive. "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." (Citation omitted.) *State v. Jones*, 2007-Ohio-6093, ¶ 6. The Ohio Supreme Court has summarized the varying obligations as follows:

. . . For a petty offense, defined in Crim.R. 2(D) as "a misdemeanor other than [a] serious offense," the court is instructed that it "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). If the misdemeanor charge is a serious offense, meaning that the prescribed penalty includes confinement for more than six months, Crim.R. 2(C), the court shall not accept a guilty or no contest plea "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily." Crim.R. 11(D).

The procedure set forth in Crim.R. 11(C)(2) for felony cases is more elaborate than that for misdemeanors. Before accepting a guilty plea in a felony case, a "trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph one of the syllabus. In addition to these constitutional rights, the trial court is required to determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea. Crim.R. 11(C)(2)(a) and (b).

*Id.* at ¶ 11-12.

{¶ 9} Here Halderman pled guilty to unlawful sexual conduct with a minor as a first-degree misdemeanor. The maximum penalty was confinement for 180 days. *See* R.C. 2929.24(A)(1). Therefore, under Crim.R. 2(C) and (D), Halderman's offense was a "petty offense," not a "serious offense." Contrary to his argument, the trial court was not required to inform him of constitutional rights he was waiving because the advisements in Crim.R. 11(C)(2) apply to felonies. Likewise, the requirements of Crim.R. 11(D), including assuring that a plea is voluntary, were inapplicable because that provision applies to "serious offenses," meaning offenses punishable by confinement for more than six months.

{¶ 10} The applicable rule in Halderman's case was Crim.R. 11(E), which only obligated the trial court to advise him of "the effect of the plea of guilty[.]" This means the trial court only was required to tell him "that a plea of guilty is a complete admission of guilt." *Jones* at ¶ 25. That specific advisement is not found in the plea colloquy quoted above. Notably, however, Halderman does not argue on appeal that the trial court erred in failing to advise him that a guilty plea is a complete admission of guilt. He argues instead that his plea was involuntary because the trial court failed to advise him of the constitutional rights he was waiving. Based on the reasoning set forth above, we reject that argument because the trial court was not obligated to ensure the voluntariness of Halderman's plea to a petty offense. Nor was it required to advise him that a guilty plea would waive constitutional rights.

{¶ 11} In a final argument, Halderman cites Crim.R. 11(D) and asserts that the trial court was required to advise him of the requirement to register as a sex offender. In support of this argument, he relies on language in Crim.R. 11(D) obligating a trial court to inform a defendant of the effect of a guilty plea. Halderman reasons that the effect of the plea in his

case included a punitive requirement to register as a sex offender.[1] Because the trial court did not mention sex-offender registration during his plea hearing, Halderman contends his plea was invalid.

{¶ 12} We find Halderman's argument to be without merit. His reference to Crim.R. 11(D) is misplaced because that provision applies to "serious offenses." As noted above, however, the applicable provision, Crim.R. 11(E), also obligated the trial court to inform him of the effect of his plea. Halderman's argument nevertheless fails because informing him of the effect of his plea did not require mentioning the penalty involved. To satisfy the requirement of informing a defendant of the effect of a guilty plea to a petty offense, a trial court need only state "that a plea of guilty is a complete admission of guilt." *Jones* at ¶ 25.

{¶ 13} In *State v. Hawkins*, 2013-Ohio-2572 (2d Dist.), the primary case on which Halderman relies, we held that Crim.R. 11 obligated the trial court to inform the defendant during his plea hearing of the punitive sex-offender registration and community-notification requirements of the Adam Walsh Act. The defendant in *Hawkins* pled guilty to two counts of sexual battery, third-degree felonies. During the plea hearing, the trial court conducted a Crim.R. 11(C) plea colloquy and advised the defendant of the rights he was waiving and the

---

[1] It is not apparent that Halderman's offense required sex-offender registration. Only certain violations of R.C. 2907.04 qualify as "sexually-oriented offenses," and a "sex offender" is a person who has been convicted of a sexually-oriented offense. *State v. Blankenship*, 2015-Ohio-4624, ¶ 13, citing R.C. 2950.01(A)(2) and (3) and R.C. 2950.01(B)(1). As relevant here, "[a] person convicted of violating R.C. 2907.04 is a Tier I sex offender if the offender was less than four years older than the victim, there was no consent, and the offender has not been convicted of or pled guilty to certain sex offenses." *Id.* at ¶ 14, citing R.C. 2950.01(E)(1)(b). Halderman was less than four years older than the victim, and he had not been convicted of a prior sex offense. We also see no indication in the record that the sexual conduct between Halderman and the victim was non-consensual. At sentencing, defense counsel asserted that "[t]his was not a nonconsensual relationship[.]" *See* December 31, 2024 Sentencing Tr. at 4. In any event, Halderman does not argue on appeal that the offense to which he pled guilty did not qualify as a sexually-oriented offense. Therefore, we have no occasion to resolve the issue.

potential punishment. As part of the exchange, the trial court incorrectly stated that his offenses made him a Tier II sex offender rather than a Tier III offender. The trial court also stated that the guilty plea would result in unspecified sex-offender registration requirements.

**{¶ 14}** On appeal in *Hawkins*, we cited *State v. Williams*, 2011-Ohio-3374, and recognized that the sex-offender registration, verification, and notification requirements imposed by the Adam Walsh Act were punitive in nature. Therefore, we concluded that they were required to be addressed in a Crim.R. 11(C) plea colloquy, as they were part of the penalty for the defendant's offenses. *Hawkins* at ¶ 9-17. Finding the trial court's explanation deficient, we reversed the defendant's conviction and remanded the case for vacation of his guilty plea. *Id.* at ¶ 21.

**{¶ 15}** Unlike *Hawkins*, Crim.R. 11(C) had no applicability in Halderman's case. Nor did Crim.R. 11(D), which applies to "serious offenses." Once again, the applicable provision was Crim.R. 11(E), which did not obligate the trial court to advise Halderman of the potential penalties for a petty-offense conviction. *State v. Tharp*, 2020-Ohio-4329, ¶ 13 (2d Dist.) (recognizing "that a statement about the effect of a plea is separate from a statement relating to the possible penalty"); *see also State v. Griffith*, 2010-Ohio-5556, ¶ 7-13 (10th Dist.) (concluding that failure to inform a defendant of potential penalties for a petty misdemeanor did not violate Crim.R. 11(E)); *State v. Scott*, 2025-Ohio-1244, ¶ 30 (4th Dist.) (finding no obligation to inform a defendant of sex-offender registration requirements when accepting a no-contest plea to a misdemeanor sexually-oriented offense). In short, *Hawkins* is readily distinguishable because the trial court's obligation in that case to address sex-offender requirements during the plea hearing arose from Crim.R. 11(C), which applies to felonies, not petty offenses.

**{¶ 16}** For the foregoing reasons, we overrule Halderman's assignment of error.

## III. Conclusion

{¶ 17} The judgment of the Fairborn Municipal Court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and HANSEMAN, J., concur.