OPINION
{¶ 1} Defendant-appellant, Richard S. Wilson, appeals from the Franklin County Court of Common Pleas' judgment entry convicting him of one count of burglary, in violation of R.C. 2911.12, and imposing a nine-month sentence of imprisonment. For the following reasons, we affirm.
 {¶ 2} On June 11, 2004, defendant was indicted with one count of burglary, a fourth degree felony. As the prosecutor later explained during defendant's plea hearing, this charge resulted after defendant entered another's house without permission and had to be forcibly ejected.
 {¶ 3} Because defendant was indigent, the trial court appointed counsel for him. However, the morning of August 23, 2004, defendant appeared before the trial court to request a different attorney. Defendant informed the trial court that he was unhappy with his current attorney because his attorney: (1) did not obtain certain information in discovery, (2) told defendant that the statement of one of the state's witnesses contradicted information contained in written discovery, (3) told defendant that he would be found guilty if he decided to go to trial because of his lack of credibility, and (4) failed to immediately file paperwork to expedite defendant's house arrest. After ascertaining that the state had turned over all discoverable materials, the trial court found that none of defendant's complaints required the court to appoint a different attorney and, thus, the court denied defendant's motion.
 {¶ 4} Sometime before the trial court's August 23, 2004 afternoon session, defendant signed an "Entry of a Guilty Plea" form, in which defendant agreed to plead guilty to the indicted offense in return for a jointly recommended sentence of nine months imprisonment. The plea form stated that defendant understood that his decision to plead guilty "represent[ed] the free and voluntary exercise of [his] own free will and best judgment" and that he was "completely satisfied with the legal representation and advice [he] received from [his] counsel."
 {¶ 5} After opening proceedings the afternoon of August 23, 2004, the trial court questioned defendant while he was under oath regarding his "Entry of Guilty Plea" form. In part, the trial court and defendant had the following exchange:
THE COURT: Are you satisfied with [your attorney's] advice, counsel and competence?
THE DEFENDANT: I've already — well, I had the grievance earlier, so —
THE COURT: Well, for purposes of the plea, I have to make sure this is freely and voluntarily and intelligently entered. So do you have a problem with [your attorney] still? I need to know whether or not that's affecting your entering this plea freely and voluntarily.
THE DEFENDANT: I'm not sure what to say.
THE COURT: Okay. Then have a seat and we'll call a jury up, because I'm not going to take a plea if you're having reservations.
THE DEFENDANT: Yes, I am.
(Tr. 9-10.)
 {¶ 6} After another break, proceedings began again with the following:
[DEFENDANT'S ATTORNEY]: If it please the Court, Mr. Wilson has presented a concern about my representation. I tried to make it clear to him that this is a situation where his concern is with the messenger. I have ensured him I have investigated this matter, I have reviewed this matter. I have actually spoken directly to the witnesses in this matter. And it is my professional opinion that his best interests are served by entering a plea and engaging in the joint recommendation that the prosecution has put forward in the plea form. I believe he understands that.
I think that he is still concerned about whether his behavior was sufficient to warrant these charges; however, I have told him that in my professional opinion, he's been indicted on an F-4 Burglary, and if the witnesses testify as they have spoken to me, that he would be convicted of an F-4 Burglary.
THE COURT: Okay. And so is he prepared to wanting to forward [sic] with the plea freely and voluntarily, or is he going to continue to express reservations? Because if I think there is the slightest feeling that he's being pressured, I won't accept the plea.
[DEFENDANT'S ATTORNEY]: He's represented to me that he wants to go forward with the plea after having that discussion.
THE COURT: Is that correct?
THE DEFENDANT: Yes, ma'am.
THE COURT: Okay. Has your attorney explained everything and answered all of your questions?
THE DEFENDANT: Yes, your Honor.
THE COURT: Are you satisfied with his advice, counsel and competence?
THE DEFENDANT: Yes, your Honor.
(Tr. 10-12.)
 {¶ 7} Thereafter, the trial court complied with the requirements of Crim.R. 11(C)(2)(c), including informing defendant that by pleading he was waiving his right to a jury trial, to confront the state's witnesses, to have compulsory process for obtaining his witnesses, to require the state to prove his guilt beyond a reasonable doubt at a trial, and against compulsory self-incrimination. Finally, the trial court asked:
THE COURT: Do you understand that by pleading guilty you are doing it of your own free will and the best of your own judgment?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you have any questions for me or for your attorney?
THE DEFENDANT: No, ma'am.
(Tr. 15.)
 {¶ 8} As reflected in the September 1, 2004 judgment entry, the trial court accepted defendant's plea and sentenced him to the jointly recommended nine-month period of imprisonment. Defendant now appeals from that judgment entry.
 {¶ 9} On appeal, defendant assigns the following error:
The trial court erred in accepting Richard Wilson's guilty plea.
 {¶ 10} By this assignment of error, defendant argues that his plea was not voluntary. Defendant asserts that we should vacate his guilty plea because he disagreed with his attorney's advice that a plea was in his best interest and only entered into a plea after the trial court denied his request for a new attorney. Because the record does not support defendant's contentions, we disagree.
 {¶ 11} If a plea entered in a criminal case is not made knowingly, intelligently and voluntarily, then enforcement of the plea is unconstitutional under both the United States Constitution and the Ohio Constitution. State v. Engle (1996), 74 Ohio St.3d 525, 527. Fulfilling the procedural requirements of Crim.R. 11(C) affords the necessary constitutional protections and ensures that the plea is knowing, intelligent, and voluntary. State v. Cruse, Franklin App. No. 01AP-1074, 2002-Ohio-3259, at ¶ 26.
 {¶ 12} In the case at bar, defendant admits that the trial court satisfied the Crim.R. 11(C)(2)(c) requirements, but he argues that his plea was not voluntary. Defendant's argument is directly contradicted by his testimony during his plea hearing. When defendant initially expressed reservations about pleading, the trial court stopped the plea hearing and ordered a jury empanelled. However, after a break in proceedings, defendant's attorney explained, and defendant agreed, that defendant had decided to plead based upon his attorney's advice, even though he continued to believe that his behavior was insufficient to warrant the burglary charge. Defendant then told the trial court that he was satisfied with his attorney's advice, counsel, and competence, and that he was pleading of his own free will and to the best of his own judgment. Further, when given the opportunity to convince the trial court that he needed a new attorney, none of defendant's objections to his attorney's performance revealed that his attorney was unwilling or unable to competently represent him at trial.
 {¶ 13} Although defendant may have believed, and may still believe, that he did not commit a criminal act, he chose to plead to avoid a guilty verdict his attorney advised him was imminent if he went to trial. "A guilty plea entered to avoid a greater penalty is not rendered involuntary even if a defendant maintains that he is innocent." Cruse,
supra, at ¶ 51, quoting State v. Lima (Apr. 18, 2002), Franklin App. No. 01AP-774. Accordingly, we find that defendant's plea was voluntary and, thus, we overrule defendant's assignment of error.
 {¶ 14} For the foregoing reasons, we overrule defendant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Sadler and Christley, JJ., concur.
Christley, J., retired, of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.