[Cite as *State v. Jones*, 2017-Ohio-7722.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105282

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MILTON J. JONES

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-604475-C and CR-16-604781-A

**BEFORE:** Boyle, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 21, 2017

**ATTORNEY FOR APPELLANT**

Sarah R. Cofta
P.O. Box 16425
Cleveland, Ohio    44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   John D. Kirkland
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Milton J. Jones, appeals his sentence. He raises two assignments of error for our review:

> 1. The trial court erred to the prejudice of Appellant, who did not knowingly, intelligently, and voluntarily enter into his guilty plea.
>
> 2. The trial court erred when it failed to properly notify Appellant of postrelease control during his sentencing.

**{¶2}** Finding merit to his second assignment of error, we remand to the trial court to properly impose Jones's sentence with respect to his terms of postrelease control.

## I. Procedural History and Factual Background

**{¶3}** In March 2016, a Cuyahoga County Grand Jury indicted Jones with one count of receiving stolen property in Cuyahoga C.P. No. CR-16-604475-C. In April 2016, a Cuyahoga County Grand Jury indicted Jones for the following 15 counts in Cuyahoga C.P. No. CR-16-604781-A: two counts of aggravated robbery, three counts of robbery, four counts of felonious assault, three counts of kidnapping, one count of carrying a concealed weapon, one count of discharge of a firearm on or near prohibited premises, and one count of criminal damaging or endangering. Based on discussions with the state's prosecutor, Jones eventually agreed to withdraw his not guilty pleas and plead to an amended indictment for both cases. Specifically, in Case No. CR-16-604475-C, Jones pleaded guilty to the indictment, as charged, and in Case No. CR-16-604781-A, Jones pleaded guilty to one count of aggravated robbery, with a one-year firearm specification, and one count of felonious assault. At the state's

request, the trial court nolled the remaining counts in Case No. CR-16-604781-A. At the plea hearing, the trial court informed Jones that he faced a potential three-year term of postrelease control for pleading to receiving stolen property, a felony of the fourth degree, as well as a mandatory five-year term of postrelease control for pleading to aggravated robbery, a felony of the first degree.

{¶4} At sentencing, the trial court held a sentencing hearing on both cases, sentencing Jones to a total prison term of four years and nine months. In Case No. CR-16-604475-C, the trial court imposed a nine-month sentence, to be served consecutively to his sentence for his other case. In Case No. CR-16-604781-A, the trial court imposed a four-year sentence: one year for his firearm specification, three years for the underlying count of aggravated robbery, and four years for the count of felonious assault, which was to run concurrent with the other two counts. In addition to his terms of incarceration, the trial court also instructed Jones that he faced "up to five years, mandatory" of postrelease control for his aggravated robbery conviction.

{¶5} It is from this judgment that Jones appeals.

## II. Jones's Guilty Plea

{¶6} In his first assignment of error, Jones claims that he did not knowingly, intelligently, and voluntarily plead guilty to the amended charges and that the trial court's acceptance of his plea prejudiced him. We disagree.

{¶7} We review whether the trial court accepted Jones's plea in compliance with Crim.R. 11(C) de novo. *State v. McGinnis*, 8th Dist. Cuyahoga No. 99918,

2014-Ohio-2385, ¶ 11, citing *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827. "In other words, this court will conduct our own independent review of the record without any deference to the trial court." *State v. Avery*, 4th Dist. Scioto No. 14CA3613, 2015-Ohio-4251, ¶ 5.

{¶8} "The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty." *State v. Chiles*, 8th Dist. Cuyahoga No. 103179, 2016-Ohio-1225, ¶ 8. To satisfy the rule, a trial court must ensure that a defendant knowingly, intelligently, and voluntarily enters a plea of guilty and fully understands its consequences. *State v. Bowen*, 52 Ohio St.2d 27, 28, 368 N.E.2d 843 (1977). If a plea is not made knowingly, intelligently, and voluntarily, it is unconstitutional to enforce that plea under both the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The record must reflect that the trial court satisfied Crim.R. 11's requirements through oral dialogue with the defendant at the plea hearing. *Chiles* at ¶ 9; *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 5. Specifically, Crim.R. 11(C)(2) states:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilty beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9} While a court must strictly comply with the provisions concerning constitutional rights set forth in Crim.R. 11(C)(2)(c), a court must only substantially comply with the provisions concerning nonconstitutional rights set forth in Crim.R. 11(C)(2)(a) and (b). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Under the substantial-compliance test, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990); *see also State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995), citing *Nero* ("In other words, if it appears from the record that the defendant appreciated the effect of his plea and waiver of rights in spite of the trial court's error, there is still substantial compliance.").

{¶10} In addition to showing that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and (b)'s requirements, "a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must

show a prejudicial effect." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15, quoting *Nero*. To show prejudice, a defendant must establish that he would not have plead guilty had the court substantially complied with Crim.R. 11(C)'s requirements. *Nero* at 108.

**{¶11}** Jones first claims that the record does not clearly demonstrate the trial court substantially complied with Crim.R. 11(C)(2)(a) because he answered "No" when asked if he discussed his case's facts with his attorney. We disagree.

**{¶12}** In *Avery*, 4th Dist. Scioto No. 14CA3613, 2015-Ohio-4251, the appellant argued that the trial court erred in accepting her guilty plea because she did not knowingly, intelligently, and voluntarily plead guilty. At trial, the court asked the appellant if she was satisfied with her attorney's performance at the plea hearing, to which the appellant replied, "Not really." *Id.* at ¶ 6. After the court informed the appellant that it was halting the proceeding and determined that it could not accept the guilty plea, the appellant's attorney informed the court that the appellant had misunderstood its question, which the appellant confirmed. As a result, the court proceeded with the hearing, and, when asked again if she was satisfied with her attorney's efforts, the appellant replied in the affirmative. On appeal, the Fourth District Court of Appeals rejected the appellant's argument, noting that the trial court properly waited to go forward with the hearing until the appellant and her attorney assured the court that she simply misunderstood the question and corrected her earlier answer. *Id.* at ¶ 13.

{¶13} Similarly, in *State v. Wilson*, 10th Dist. Franklin No. 04AP-1013, 2005-Ohio-4673, the appellant argued that he did not knowingly, intelligently, and voluntarily enter into his plea after expressing reservations about his attorney's performance during the plea hearing.  When the appellant indicated that he was "not sure what to say" about his attorney's performance during the plea hearing, the court informed the appellant that it was going to call up the jury and stop the plea deal.  *Id.* at ¶ 5.  After a short discussion with his attorney, both the appellant and his attorney explained to the court that he was willing to go forward with the plea and retracted his earlier statements concerning his attorney's performance.  On appeal, the Tenth District Court of Appeals rejected the appellant's argument, noting that it was "directly contradicted by his testimony during his plea hearing."  *Id.* at ¶ 12.  The court specifically noted that, after conferring with his attorney, the appellant "told the trial court that he was satisfied with his attorney's advice, counsel, and competence, and that he was pleading of his own free will and to the best of his own judgment."  *Id.*

{¶14} Here, comparable to both *Avery* and *Wilson*, the record demonstrates that the trial court substantially complied with its obligations under Crim.R. 11(C).  At the plea hearing, the trial court spoke with Jones about his level of education, whether he was under the influence of drugs or alcohol, and whether he was currently on community control sanctions or postrelease control.  The following exchange took place:

> THE COURT:  Have you discussed with your attorney the facts of your case and listened to his advice, or her [advice]?
>
> JONES:  No.

| THE COURT: | Yes? |
|---|---|
| JONES: | Yes. |
| [DEFENSE ATTORNEY]: | Have you talked with us? |
| JONES: | Yes. |
| THE COURT: | Are you satisfied with the representations you have received from your attorneys? |
| JONES: | Yes. |

Similar to *Avery*, the court did not continue with the plea until Jones's counsel clarified the question and Jones affirmed that he spoke with his attorneys. Similar to *Wilson*, Jones stated that he was satisfied with his attorneys' representations. Moreover, subsequent to that exchange, the court explained each of the constitutional rights that Jones was waiving as well as the potential punishments for each conviction, and when asked if he had any questions about his cases, Jones stated, "No." In fact, at no point during the hearing — including the above-mentioned exchange — did Jones or his attorneys express concern over his understanding of the offenses or his attorneys' performances. Therefore, contrary to Jones's claim, we find that the record clearly reflects that he knowingly, intelligently, and voluntarily pleaded guilty.

{¶15} Jones additionally argues that, considering his low intelligence, the totality of the circumstances show that he did not understand the consequences of his guilty plea. Again, we disagree.

**{¶16}** In *State v. Beckwith*, 8th Dist. Cuyahoga No. 75927, 2000 Ohio App. LEXIS 3162 (July 13, 2000), the defendant raised a similar argument, claiming that his plea was not knowingly, intelligently, or voluntarily made because of his "limited intelligence." *Id.* at *5. The court rejected the defendant's argument, noting that the first time he raised his intelligence issue was at sentencing for mitigation purposes and that there was nothing in the record to support that he was unable to understand the implications of his plea. *Id.* at *6. In concluding its opinion, the court stated:

> The proceedings in this case were not so subtle that an eighteen-year-old with a ninth grade education would have had any trouble understanding. * * * Nothing that defendant said or did gave any indication to the trial court that he failed to understand the guilty plea proceedings, nor does defendant now provide any support for this belated claim.

*Id.* at *8.

**{¶17}** Jones's totality-of-the-circumstances argument also fails. First, similar to *Beckwith*, concerns over Jones's mental abilities were raised only at sentencing, apparently in an effort to mitigate his convictions. Those comments made by Jones's attorney have no bearing on his subjective understanding at the plea hearing, especially considering the absence of any evidence that Jones was confused or unwilling to enter the plea deal. Besides Jones's single innocent misunderstanding to the trial court's question concerning his counsel — which he subsequently corrected upon further explanation by his attorney, Jones indicated that he understood exactly what he was agreeing to. Jones neither asked the court any questions nor expressed any reservations about pleading guilty. In addition, Jones was 19 years old at the time he

pleaded guilty and previously obtained his GED. While the court psychiatric clinic placed Jones in the "'low average' range of intellectual functioning[,]" the Clinic noted that he does not suffer from mental illness. Jones has offered no proof besides his own attorney's mitigating statements at sentencing to establish any confusion or misunderstanding. *See Avery*, 4th Dist. Scioto No. 14CA3613, 2015-Ohio-4251, ¶ 13 ("If appellant continued to be confused, or if she misunderstood the proceedings in general, there must be some onus on her part to make that fact known."). Contrary to his assertions, the totality of the circumstances reflects that Jones understood what he was doing and that the court substantially complied with Crim.R. 11.

{¶18} Furthermore, Jones fails to demonstrate how the court's alleged Crim.R. 11 violation prejudiced him. Jones's mere allegation that he "was prejudiced because his pleas would not have otherwise been made, if the court had fully complied with Crim.R. 11" is completely refuted by the record. In addition to the fact that, in return for his guilty plea, Jones avoided going to trial on the remaining 13 counts in Case No. CR-16-604781-A, the record shows that Jones had every intent to plead guilty to the amended charges. Therefore, in addition to the fact that he failed to show that the trial court did not substantially comply with Crim.R. 11, Jones also failed to demonstrate prejudice.

{¶19} Jones's first assignment of error is overruled.

**III. Postrelease Control**

**{¶20}** In his second assignment of error, Jones argues that the trial court erred by improperly notifying him of postrelease control during sentencing. The state concedes this error and does not oppose remanding the issue to correct the imposition of postrelease control. We agree.

**{¶21}** When applicable, a sentencing court's failure to impose a mandatory term of postrelease control and notify a defendant of the terms of postrelease control renders that portion of the sentence void, and it must be set aside. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Mitchell*, 8th Dist. Cuyahoga No. 103364, 2016-Ohio-4956, ¶ 16, citing *Fischer.* When the postrelease control portion of a sentence is void, a defendant is only entitled to a hearing limited to the "proper imposition of postrelease control[,]" not an entirely new sentencing hearing. *Fischer* at ¶ 29. We have addressed this issue many times before, and this case is no different. *See State v. Palmer*, 8th Dist. Cuyahoga No. 95140, 2011-Ohio-1244, ¶ 19 ("[I]t is insufficient for the court to inform the defendant at sentencing that he 'may be' subject to postrelease control when postrelease control is mandatory."); *State v. Jones*, 8th Dist. Cuyahoga No. 94216, 2010-Ohio-4136, ¶ 5 (vacating the defendant's sentence because the court did not impose the mandatory term of postrelease control when it told the defendant that he was subject to "up to" five years of postrelease control).

**{¶22}** R.C. 2967.28 sets forth the time periods of postrelease control. The statute says, in relevant part:

> Each sentence to a prison term for a felony of the first degree * * * shall include a requirement that the offender be subject to a period of postrelease

control imposed by the parole board after the offender's release from imprisonment. * * * [A] period of postrelease control required by this division for an offender shall be one of the following periods: (1) For a felony of the first degree * * *, five years[.]

R.C. 2967.28(B)(1). If the offense does not fall under section (B) of the statute, then an offender is "subject to a period of postrelease control of up to three years after the offender's release from imprisonment, if the parole board * * * determines that a period of postrelease control is necessary for that offender." R.C. 2967.28(C).

{¶23} Here, Jones pleaded guilty to aggravated robbery and felonious assault, felonies of the first and second degree, in Case No. CR-16-604781-A and receiving stolen property, a felony of the fourth degree, in Case No. CR-16-604475-C. As a result, Jones was subject to a mandatory five-year term of postrelease control in Case No. CR-16-604781-A and a three-year discretionary term of postrelease control in Case No. CR-16-604475-C. At the sentencing hearing, however, the court did not impose the three-year discretionary term. In addition, concerning Case No. CR-16-604781-A, the court informed Jones that he "must be on postrelease control for a period of time of *up to* five years, mandatory."[1]

{¶24} Both Jones and the state acknowledge the trial court's error. We agree with the state that the proper remedy is to remand the case for a limited resentencing hearing to correct Jones's sentence concerning his terms of postrelease control.

---

[1] Despite the court's statements at sentencing, its journal entries for both cases properly indicated the statutory terms of postrelease control, including that the term for Jones's conviction in Case No. CR-16-604781-A was a mandatory five years.

**{¶25}** Jones's second assignment of error is sustained.

**{¶26}** Judgment affirmed in part and reversed in part. We remand for the trial court to resentence Jones in accordance with R.C. 2967.28.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR